## MINTURN v. FISHER.

Where A draws a check in favor of B, dated the 1st and payable the 15th of the same month, on a bank wherein he is the paying-teller, and the check is presented on the fifteenth by the agent of the holder, who is informed by A, that it will not be paid, and at the same time payment is refused by A, as teller of the bank, and no other presentment is made: *Held,* although the same was not protested, nor any notice of non-payment given, yet A was liable therein.

Notice may be dispensed with by express waiver, or by any act which will amount to a waiver.

APPEAL from the Superior Court of the City of San Francisco.

This was an action to recover the amount of a check drawn by defendant on Page, Bacon & Co., the circumstances of which are fully explained by the findings of the Court below, to wit:

1. That the defendant made, executed, and delivered to the plaintiff, his certain draft or check, in writing, in the words and figures following:

SAN FRANCISCO, June 9, 1853.

Page, Bacon & Co., Bankers:—Pay to Charles Minturn, on the fifteenth instant, or order, thirty-eight hundred and ninety and 18–100 dollars.                    L. W. FISHER.

$3890 18.

2. That said defendant's order, or check, was duly presented on the day upon which it was due upon its face, viz. : June 15, 1853, at the banking-house of Page, Bacon & Co., where the same was made payable, and the moneys therein mentioned demanded, and the payment of the same refused; and that the defendant had due notice of said demand and non-payment, as is hereinafter expressed.

3. That at the time said check matured, to wit: on the fifteenth day of June, 1853, the defendant was "paying-teller," at the bank of Page, Bacon & Co., in San Francisco, where the said check was made payable, and that said check was presented to him on the part of plaintiff, as such "teller," for payment on said fifteenth day of June, 1853, and that he refused to pay the same, and directed the said Page, Bacon & Co. not to pay said check; that afterwards, to wit: on the second day of May, 1855, the said Page, Bacon & Co. failed, and closed their banking-house; and that prior to the close of said banking-house, the defendant drew out of said bank all his funds; and that he had no funds in said bank wherewith to pay said check, and has sustained no loss, by reason of said check not having been presented on the third day of grace.

4. That said check has never been paid, and that the whole amount thereof remains due.

Judgment being rendered for plaintiff, the defendant appealed.

*Saunders & Hepburn* for Appellant.

*E. W. F. Sloan* for Respondent.

TERRY, J., delivered the opinion of the Court—BURNETT, J., concurring.

The defendant, who was paying-teller in the banking-house of Page, Bacon & Co., at San Francisco, gave to the plaintiff, in payment of freight on certain goods, a check on said banking-house, which check was dated first of June, and payable on the the fifteenth of June, 1853. On the last named day the check was presented for payment to the defendant at the said house. Defendant informed the party presenting it that it would not be paid, alleging as a reason that the goods, to pay freight on which it was given, were damaged. The bill was not afterwards presented for payment, nor was any notice of non-payment given to the defendant.

The only question presented by the record is, whether, under the facts of this case, presentment and notice were necessary to fix the liability of the defendant as the maker of said bill.

As a general rule, the holders of bills are required to use the utmost diligence, and a failure on their part to make the presentment, and in case of non-payment to give proper notice to

the drawer or endorser, will operate to release them from their liability on such bill.

This notice may be dispensed with by express waiver, or by any act which will amount to a waiver.

"The consequences of a neglect to present for payment may be waived by the same circumstances which excuse the presentment for acceptance, or notice of non-acceptance, or non-payment." Chitty on Bills, 358.

Among the circumstances which will excuse notice of non-payment, is being informed by the drawer, before a bill is due, that it will not be paid at maturity. Chitty on Bills, 451; 13 East., 214; 5 M. & W., 418.

From the record of this case, it appears that the defendant, who was both the drawer and (by reason of his situation as teller of Page, Bacon & Co.) payee of the bill, informed the plaintiff's agent before the maturity of the bill that it would not be paid.

This fact, under the authorities before cited, is sufficient to excuse presentment and notice. The failure to present at a proper time being in consequence of the act of defendant, he cannot take advantage of his own wrong to escape responsibility.

Judgment affirmed, with costs.