TISSOT AND WIFE v. DARLING et al.

An averment in the complaint, in a suit on an appeal-bond, that execution had been issued on the judgment and returned unsatisfied, is unnecessary. The non-payment of the judgment can be shown without issuing an execution.

The objection that an undertaking on appeal was not signed by the principal, has been decided by this Court in the case of Curtis v. Richards & Vantine, January Term 1858.

Where suit is brought in the name of the husband and wife, and no objection is made to the joinder of the wife, and judgment is obtained, and afterwards defendants execute an undertaking on appeal to the husband and wife, and suit is afterwards brought on the undertaking, in the name of the husband and wife : Held, that the defendants are concluded by the acts of appellant, and that the wife is properly joined in the suit on the undertaking.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This was an action instituted by plaintiffs against William A. Darling and P. Warren Van Winkle, sureties in an undertaking on appeal, to recover the amount of the judgment from which the appeal was taken. The undertaking is entitled "In the case of Paul Tissot and Natividad de Haro, his wife, v. Samuel R. Throckmorton." After reciting the judgment and the appeal therefrom, etc., it proceeds as follows :

"And whereas the appellant is desirous of staying the execution of the said judgment and order so appealed from, we do further, in the consideration thereof and of the premises, jointly and severally, undertake and promise, and do acknowledge ourselves further jointly and severally bound in the further sum of five thousand three hundred dollars, ($5,300, being double the amount named in the said judgment,) that if the said judgment and order appealed from, or any part thereof, be affirmed, the appellant shall pay the amount directed to be paid thereby, or the part of said amount, as to which the same shall be affirmed, if affirmed only in part, and all damages and costs which shall be awarded against the appellant upon the appeal."

The complaint alleges that the judgment and order appealed from were affirmed by the Supreme Court, and that a remittitur was duly issued and filed in the Court below, that payment of the judgment was demanded of Throckmorton, that he neglected and refused to pay the same, or any part thereof, and that the amount of the judgment is due and unpaid, and that plaintiff

Tissot *v.* Darling.

are the legal owners thereof, and concludes with a prayer for judgment. The original judgment against Throckmorton was obtained on a note given to Tissot and wife for the purchase of certain real estate which she inherited from her father before her marriage.

The defendants demurred to the complaint on three grounds:

1. That the plaintiffs have not the legal capacity to sue.

2. That there is a defect of parties plaintiff.

3. That the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was overruled and the defendants answered, admitting the execution of the undertaking, but alleging payment of the judgment. The defence on appeal, is the same as that set up in the demurrer.

Plaintiffs had judgment, and defendants appealed.

*D. W. Perley* for Appellants.

The question then is, does the complaint state a good cause of action.

The appellants contend it does not, for the following reasons:

1. The action is on an appeal-bond, and there is no averment that any execution was ever issued on the judgment appealed from.

By section three hundred and forty-eight of the Practice Act it clearly appears that the undertaking of the sureties is only collateral. They undertake, not that they will pay the judgment in case it be affirmed, but that the appellants will pay it. The judgment-creditor must exercise ordinary dilegence, at least, to collect the judgment from the principal before he has a right of action against the sureties.

This diligence could be only shown by an execution issued and a return of *nulla bona*; without showing that, he does not show a cause of action.

2. The undertaking is defective and void, because it was not signed by the appellants, and there can be no right of action upon it against the sureties.

The language of the three hundred and forty-eighth section of the Practice Act, above cited, requires that° the bond or undertaking shall be executed on the part of the appellants, with two sureties, etc. The sound and fair construction of this, is, that the appellant himself shall execute the bond as principal, with two other persons as sureties.

That was not done in this case, the sureties alone executed it, and there is no obligation on the part of appellants themselves, and they are not bound.

Suppose the sureties have to pay the judgment, they ought to have an action over against the principal, but that they could not have in this undertaking, for he is no party to it.

By the civil law, from which most of the common law doctrines in regard to sureties is derived, it is laid down, that from the very nature of the obligation of a surety there must necessarily be an obligation on the part of him for whom the surety undertakes.

"If there be no obligation the surety is not bound." Burge on Suretyship, p. 6.

In Mississippi the statute in respect to appeal-bonds was in the following words:

" Any person who may conceive himself aggrieved by any judgment, order, or decision, of the Court of Probate, may have the liberty of appealing to the High Court of Errors and Appeals, upon the appellant giving bond, with good and sufficient security, approved of by said Court, in such sum as they shall direct, to the Judge thereof."

This statute, in the point now under consideration, differs but little from the language of our statute. There is really no difference between " the appellant giving bond with good security," and " an undertaking executed on the part of the appellant with good sureties," etc.

But in Mississippi it was held, that a bond given by the sureties alone, was not the undertaking required by the statute, and was insufficient to sustain an appeal. Porter v. Grisham, 3 How., 75; Hardway v. Biles, 1 S. and M., 675.

See the following authorities on the same point:

An appeal-bond, executed by a surety only, without a principal, is not sufficient in law. Day v. Pickett, 4 Munf., 104; Miller v. Blannerhasset, 5 Munf., 197; Rootes v. Holliday, 4 Munf., 323.

The same doctrine has been held in New York.

The bond must be executed by some of the parties appealing. Ex parte Anna Brooks, 7 Cowen, 428.

The complaint is also defective in another respect.

It appears that one of the plaintiffs is a married woman, and there is no averment that the action in any way concerns her separate estate. In fact, there is nothing whatever alleged to show that she is either a proper or necessary party to the action.

But this point will be more fully discussed under the second and third grounds of demurrer, which will be considered together.

This is an action brought by husband and wife and can only be sustained on the supposition that the wife is beneficially interested in the subject-matter of the action.

If she is not thus interested, or if it shall appear that the whole legal interest in the subject-matter of the controversy is vested in the husband, then the wife was irregularly and improperly joined, and the demurrer should have been sustained.

It is true the undertaking was executed to the husband and wife, but this alone does not vest any interest in her, whatever. If the matter did not arise out of, or concern her separate property, she has no right of action, whatever, in the instrument. The husband alone could sue.

To show this clearly, it is necessary to examine the rights of husband and wife, and the disability of the wife, both by the common law, and also under our statutes.

By the common law, marriage was an absolute gift to the husband of all the wife's personal chattels, in possession, and a conditional gift of all her choses in action.

The condition was, that he should reduce them into possession during *coverture*, otherwise they would survive to the wife.

During *coverture* the legal existence of the wife was merged in that of the husband. The wife was incompetent to bind herself by any contract, and any interest acquired by her in personal property, enured immediately to the benefit of the husband.

In McNeilage *v.* Holloway, 1 B. & Ald., 221, Lord Ellenborough said, that a promissory note given to the wife may be treated by the husband as a personal chattel in possession.

The same doctrine is held in Massachusetts, in the following cases: Shuttleworth *v* Noyes, 8 Mass., 229; Com. *v.* Manley, 12 Pick., 173.

The principle of the above cases is that a promissory note given or endorsed to the wife in her own name, during *coverture*, was to be considered as absolutely reduced into possession, and would, therefore, go to the executor of the husband to the exclusion of her rights of survivorship.

In the case last cited it was held, that a promissory note given to a *feme covert* for her separate use, for the consideration of her distributive share in an intestate estate, becomes immediately the property of the husband. Com. *v* Manley, 12 Pick., 173.

By the common law, the earnings of the wife belong to the husband, and he only can give a discharge of them, and must sue for them in his own name, without joining his wife. Buckley *v.* Collier, Salk., 114; 4 Mod., S. C., 156.

The same principle applies to all property which accrues to a *feme covert* during coverture.

A legacy given to a wife vests absolutely in the husband, and he may release it either before or after it becomes payable.— Com. Dig., Bar. & Fine, E., 3; Palmer *v.* Trever, 1 Verm., 261.

The distributive share of a wife in an intestate estate vests in the husband. Robinson *v.* Taylor, 2 Bro. C. C., 589.

The moment a note is endorsed to a wife it becomes the property of the husband, and he alone could collect, transfer, or discharge it. Keith *v.* Wombell, 8 Pick., 211; Russel *v.* Brooks, 7 Pick., 65.

In Barton *v.* Bishop, 1 East., 432, a note was given to a *feme*

*covert*, who carried on trade on her own account, to enable her to pay a debt by her contracted in her separate business. She endorsed it to her creditor, who commenced suit upon it. But it was decided that the action would not lie, because the note, when delivered to the wife, became the property of the husband, and that he alone could endorse it.

In Com. *v*. Manley, 12 Pick., 175, it was held, that even if a wife's distributive share of an estate was to be treated like a chose in action, yet when a note was given for it, that would be equivalent to a reduction of it to possession, and the note, as soon as delivered to the wife, would become the property of the husband.

The above authorities clearly show that the entire interest in the bond sued on would, by the common law, be vested in the husband; that he alone could release or discharge the obligation; that the wife would have no right of survivorship, and that, in the event of the husband's death, the property would go to his executor, and not to her.

It is also clearly shown that this bond, when executed and de-livered, became a personal chattel, in possession of the husband.

The appellants now contend that the above rules of law pre-vail in this State, except where they are expressly altered by statute, and that the statute has not altered the common law in respect to the points involved in this case.

By section two of the act defining rights of husband and wife, (Comp. L., 812,) it is provided that all property acquired after marriage, by either husband or wife, except such as may be ac-quired by gift, bequest, devise or descent, shall be common prop-erty.

Section nine provides, that the husband shall have the entire management and control of the common property, with the like absolute power of disposition as of his own separate estate.

By this statute it clearly appears that the undertaking now sued on, being acquired after marriage, was common property, and that the entire and absolute right of disposition thereof was as completely vested in the husband as it was of his own sepa-rate property.

If this be so, then there was no shadow of right of action in the wife, and the Court erred in overruling the demurrer.

In the case of Snyder *v*. Webb, 3 Cal. R., 83, this Court decided that a married woman had no right of action on a lease made by her, because it did not appear, from the complaint, that the ac-tion concerned her separate property.

The plaintiff was nonsuited in the Court below, and the judg-ment was affirmed on appeal.

Mr. Brooks, who now prosecutes this action, defended, in the case of Snyder *v*. Webb, and the Court is referred to his argu-ment in the case, showing that he then maintained the same

grounds now contended for by appellants, and these grounds were fully sustained by the Court.

The second point relied on by appellants is the error of the Court in overruling the motion to nonsuit.

The case of Snyder v. Webb, 3 Cal. R., above cited, shows that this motion should have been sustained.

The third point, in regard to overruling the motion for a new trial, it is unnecessary to discuss.

The last point relied on by appellants is, that, upon the agreed statement of facts, the defendants were entitled to judgment.

The original judgment appealed from was obtained on a promissory note, given by S. R. Thockmorton to Mrs. Paul Tissot.

The action was brought by husband and wife, but no demurrer was interposed in the Court below.  On appeal, it was contended that the wife was an improper party, but the Court held that it was too late to make that objection in the Appellate Court, but intimated that if the point had been made by demurrer, it would have been sustained.   Tissot v. Thockmorton, 6 Cal. R., 471.

It has been shown, by all the authorities cited, that the property in the note, originally given to the wife, vested absolutely in the husband—a fortiori the right of action, on the undertaking given to husband and wife, vested in him also.   The judgment obtained by Tissot and wife, being common property, and subject to the absolute disposal of the husband, he could release or discharge it, or it might be levied on and held by a creditor of his to satisfy a demand against him.

*Brooks* for Respondents.

The counsel in his argument took these grounds :

1. The misjoinder of the wife.

2. That execution should have issued against Throckmorton.

The defendant demurred to the complaint on the first point, the misjoinder of the wife, and his demurrer was overruled, and he had leave to answer, and he answered.

But I have no doubt that the wife was not only a proper but a necessary party.   In this case the note given by Throckmorton to the wife upon a purchase of her separate property can only be considered as a substitute in the place of the property, and is still the property.   It is but a change of form, and the undertaking given as the security for the payment thereof is but collateral and follows the nature of the original or principal debt.

"If in respect of a contract made with the wife *dum sola*, the party thereto after the marriage give a bond to the husband and wife, or in respect to some new consideration, as forbearances, make a written or parol promise to the husband and wife, they may join.   1 M. & S., 180; 4 T. R., 616; 1 Salk., 117; L. Ray., 368.

"When the wife can be considered as the meritorious cause of

action, as if a bond or other contract under seal, or a promissory note be made to her separately or with her husband, she may join with her husband."

1 Ch. Pl., 30, citing 3 Ser., 403; Stro., 230; 4 T. R., 616; Co. Lit., 35, note 1, 120; 2 M. & S., 393, 395; Bacon Abr., tit. Baun v. Tenk, says :

" In those cases where the debt or cause of action will survive to the wife, the husband and wife are regularly to join in the action." And in the case of Draper, Administrator, v. Jackson and Wife, 16 Mass., 480 : When the plaintiffs intestate joined in a conveyance of the wife's land, and the grantee executed a promissory note to the husband and wife, together with a mortgage as collateral security, it was held that it survived to the wife. Reeve's Dom. Rel., is to the same effect.

I might multiply authorities on this head to any extent. But I don't find any authority to the contrary, and the authorities agree that when a written promise is made to husband and wife they may always join in the action. I say may, for I don't contend that at common law they must join, but as Bacon says : " Where the cause of action would survive to the wife they ought to join." And I have shown that this does survive. And Chitty says, page 30, " In the case of a bond or note payable to her, or to her husband and herself, it would sufficiently appear from the instrument itself as set out in the declaration, without further averment, that she had a peculiar interest justifying the use of her name as plaintiff." Citing 2 M. & Sel., 393, 396. And so for all profit coming from the separate estate of the wife. Chitty 31, and cases cited.

Indeed, in the first action upon the note, I had a doubt whether I had a right to join the husband, the action being of the separate property for which our statute (Prac. Act, § 7) permits her to sue alone. But I thought it safer to join the husband, as the statute does not forbid it. The case of Snyder v. Webb did not decide anything to the contrary. That was to the effect that the common law disabilities subsisted except to the extent expressly taken away by statute, and other cases in this Court to the same effect. In the former appeal (Tissot v. Throckmorton,) the Court said, the point was waived, coverture must be plead in abatement. There was no necessity of passing upon the question of whether the wife ought to join. The complaint should show an interest in the wife, and it does. 1 Chitty, 30.

In regard to the execution. There was no necessity of issuing an execution against the defendant in that suit. There is no such condition in the undertaking, and the point has been frequently decided. " Unless by the terms of the contract a request is necessary, no demand need be averred or found." 1 Chitty Pl., 328, 331; Chitty on Contracts, 628, 29, 456, 466; Seymour v. Van Slyck, 8 Wen., 403; Reed v. Curtis, 7 Greenleaf, 186; Mann

*v.* Eckford's Ex'r, 15 Wen., 502; Sickleman *v.* Thistleton, 6 Maul· & Sel., 9. In Suncer *v.* Walker, 5 Gill & Johns. M. R., 102, it was held that the plaintiff might proceed with a *fi. fa.* upon his judgment, and at the same time sue the appeal-bond. In Teal *v.* Rice, 2 Green., 444, the Court held that in a suit against a surety upon an appeal-bond it is not necessary to aver that the debt and costs have been demanded of the principal before action brought. And in Stanley *v.* Lucas, Wright, 44, it was held that it was no bar to a suit on bond that the officer who held the execution was informed that appellant had sufficient property on which the execution might be levied. And to the same effect is Pevey *v.* Sleight, 1 Wen., 518.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

Suit upon an undertaking on appeal. Defendants demurred. Demurrer overruled. Defendants then answered, and plaintiffs had judgment, from which defendants appealed.

The undertaking was executed by defendants, in the case of Tissot and Wife *v.* Throckmorton, (6 Cal. Rep., 471,) which was a suit upon a note executed by Throckmorton to Mrs. Tissot, during the marriage.

The first objection is that there is no averment in the complaint that execution was issued upon the judgment against Throckmorton.

When, by the terms of the contract, express or implied, a request or demand constitutes a condition precedent to the bringing of the suit, then it must be averred. (1 Ch. Plea., 328, 330.) But there is nothing in the undertaking making a request necessary. The defendants bound themselves that the appellant should pay the judgment. The non-payment of the judgment can be shown without the issuing of an execution. (15 Wend., 502; 5 Gill and J., 102; Nickerson *v.* Chatterton, 7 Cal. Rep., 573.)

The second objection is that the undertaking was not executed by Throckmorton, but only by the defendants. This objection has been decided by this Court not to be well taken. (Curtis *v.* Richards & Vantine, January, 1858.)

The third objection is not well taken. The note upon which the suit was brought against Throckmorton was executed to the wife alone, and the undertaking in that case was executed to the husband and wife. There was no proper objection made to the joinder of the wife with the husband in that case; and, by not making any such objection, Throckmorton admitted she had an interest in that suit, and the defendants are concluded by his act as to that matter. But besides this, the undertaking having been executed to husband and wife, she may join; and the un-

dertaking itself shows her peculiar interest in the suit without any further averment. (1 Ch. Plea., 30.)

There is nothing in the other points made by the counsel of defendants. The appeal seems to have been taken for purposes of delay, and the judgment is, therefore, affirmed, with ten per cent. damages.