ROBERT MURDOCK, Respondent, v. ROBERT C. BROOKS, JOHN SHIRLEY AND WILLIAM E. REID, Appellants.

PLEADING—COMPLAINT UPON AN UNDERTAKING GIVEN ON APPEAL.—In an action upon an undertaking given on appeal from the judgment of a District Court for the possession of real estate, for costs and damages, and for the value of the use and occupation of the premises, it is not necessary to aver in the complaint that the District Court had jurisdiction to render the judgment appealed from.

IDEM.—Nor is it necessary to allege that the undertaking had the effect to stay the execution of the judgment, if it appears therein that proceedings for the execution of the judgment were never taken, and that the appellant has full benefit of a stay pending his appeal.

IDEM.—If a copy of the undertaking be set out in the body of the complaint it will be taken and considered as a part thereof.

IDEM.—A complaint, in such a case, is not defective, because it contains no averment that an execution had been issued, and returned unsatisfied, or because no demand for payment is alleged to have been made on the principal.

IDEM.—Nor is it necessary to allege that the plaintiff in the judgment was entitled to the possession of the premises pending the appeal.

ASSIGNEE OF UNDERTAKING ON APPEAL.—An assignee of an undertaking on appeal cannot recover, without alleging and proving an assignment of the judgment, or the claim which has been secured by the undertaking.

ASSIGNMENT OF UNDERTAKING AND JUDGMENT ON CLAIM.—An assignment which purports to transfer to the assignee all the right, title and interest of the assignor in the undertaking, "*and in the amount thereby secured*," is broad enough to enable the assignee to recover for use and occupation, pending the appeal, and costs.

ACTION FOR USE AND OCCUPATION UPON AN UNDERTAKING ON APPEAL.—In an action for use and occupation upon an undertaking on appeal, the defendants are estopped from denying that the defendant in the judgment was in the possession at the time he took his appeal and gave the undertaking.

IDEM—COUNTER CLAIM.—A judgment for costs, in an action for the recovery of real property, against the tenants in possession, which was defended by the landlord in the name of the tenants, cannot, *as such,* be enforced against the landlord, or be made the ground of a counter claim against him.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The case is stated in the opinion.

*E. A. Lawrence,* for Appellants, submitted the following points and authorities:

*First*—The complaint must show that the Court, in which the judgment appealed from was rendered, had jurisdiction to render the judgment and receive the undertaking. (*Tarbell* v. *Gray,* 4 Gray, Mass. 444.)

*Second*—The complaint does not state that the undertaking filed had the effect to stay the execution. The mere filing the undertaking does not give the right of action against the undertakers. It is the damage sustained by the respondent, *because he has been deprived of his writ,* which authorizes a recovery. (*Thompson* v. *Blanchord,* 2 N. Y. R. S. 61.)

*Third*—The copy of the undertaking, set forth in the complaint, is a matter of evidence, and not of pleading. The complaint must state a complete cause of action without the undertaking. The 53d Section of the Practice Act does not provide for making the instrument a part of the pleadings. (*Curtiss* v. *Murray,* 26 Cal. 635 ; *Bentley* v. *Dorcas,* 11 Ohio, N. S. 398.)

*Fourth*—The fourth point of the demurrer is made on the theory that the obligation of the undertakers is collateral, not that *they* will pay, but the appellant will pay the value of the use and occupation pending the appeal.

*Fifth*—The fifth point of the demurrer is well taken. Calderwood assigned to plaintiff the undertaking on appeal, and nothing more. He did not assign to him the judgment or convey to him the land, and it does not appear that he was the owner of the land. It requires no argument to show that the rents, pending appeal, did not belong to the one

who held the undertaking, but to the one who owned the land.

*Sixth* — The sixth point is well taken, that it does not appear that Calderwood was entitled to possession of the premises sued for. He must allege and prove that he was *entitled* to possession before he can recover for the use and occupation of the premises. (*Whitney* v. *Allen*, 21 Cal. 233.)

The eleventh point is that the undertaking is not assignable, the plaintiff cannot maintain suit thereon.

We think we had a clear right to show the fact that R. C. Brooks had not been in possession during the time sued for, but had been turned out by the Sheriff, and that, therefore, he was not liable for the rents. He had not excluded Calderwood, but another (Edmond Brooks) had, and therefore Calderwood was not entitled to possession against him, during the appeal. (*Whitney* v. *Allen*, 21 Cal. 233.)

*P. G. Buchan,* for Respondent :

*First* — The first point the appellants' counsel makes is, that the complaint did not show the Court had jurisdiction. It does not lie in the mouth of the appellants to raise that question, as they gave the undertaking on appeal from the judgment against them in that action.

*Second* — The next point made by the demurrer is, that the complaint does not state that "the undertaking filed had the effect to stay the execution." That is a question of law from the facts and not a fact. A defendant on appeal from the District Court on a money judgment, gives the undertaking required by Section 349 of the Practice Act in double the amount of the judgment recovered. The execution is stayed by that fact. In an action on the undertaking, it certainly would not be necessary to inform the Court, as a question of law, that such an undertaking had the legal " effect to stay the execution."

*Third* — It is not, according to the terms of the undertaking or the law, that the obligee in the undertaking should first make a demand on the appellants before he could proceed against the sureties. (*Brown* v. *Davis*, 15 Cal. 11.)

*Fourth* — The answer to appellants' fifth point is, that the

undertaking contains a full and complete cause of action, independent of the judgment. The Court has decided that if the plaintiff in this cause had been the assignee of the judgment only, he could not have recovered. (See *Moses* v. *Thorn*, 6 Cal. 87.)

The sixth point of appellants is, "that it does not appear that Calderwood was entitled to possession of the premises sued for;" that "he must allege and prove he was entitled to possession."

The complaint recites a solemn adjudication of a Court of competent jurisdiction, that Calderwood should have and recover possession of the premises. Does that not show he was entitled to possession? Must he allege, argumentatively, that because the Court so adjudged, therefore, he was entitled to possession? The case of *Whitney* v. *Allen*, cited, instead of supporting appellants' point, is directly against them. That was the case of the foreclosure of a mortgage, and the Court simply decided that the plaintiff could not hold the sureties liable for something more than their principal was liable for; but that, if it had been a case like the present—that is, a judgment for delivery of possession—the sureties would be liable. *The complaint, besides, avers, and it is not denied in the answer,* that Calderwood has not had possession since 23d April, 1864, and that the judgment remains wholly unsatisfied and unexecuted.

The fourth assignment of error is, that the assignment does not assign the rents which accrued during the appeal.

A full copy of the assignment is given in the appendix to the transcript. It sets forth the whole undertaking, and that the appellants would pay the value of the use and occupation of the premises from the time of the appeal till delivery of possession, pursuant to the judgment, not exceeding $700; and then assigns to plaintiff all demand and claim the assignor had against the appellants "on said undertaking, and all his right, title and interest in said undertaking, and in the amount thereby secured to him."

SANDERSON, J., delivered the opinion of the Court:

This is an action upon an undertaking given on an appeal from a District Court. The judgment in the Court below was for the plaintiff. It appears that the undertaking was given in an action in which one Calderwood was plaintiff, and the defendant, Brooks, and others, were defendants. The action was to recover the possession of real estate. Calderwood obtained a judgment, and Brooks, desiring to appeal and to stay proceedings, gave the undertaking in question for costs and damages, and for the value of the use and occupation of the premises, pending the appeal, with his co-defendants as sureties. The judgment in favor of Calderwood for the possession of the premises was affirmed, with costs to the amount of $41. Calderwood thereafter assigned the undertaking to the plaintiff.

The complaint counts upon both promises—the promise to pay costs and damages, and the promise to pay the value of the use and occupation of the premises. The defendants demurred to the complaint as a whole, and not to the counts separately. The objections taken by the demurrer were: First—That the complaint does not state facts sufficient to constitute a cause of action. Second—That the complaint is ambiguous, unintelligible and uncertain. Under the first, a multitude of supposed defects were specified; under the last, none were specified. The demurrer was overruled, and this ruling is alleged to be erroneous.

It is insisted, among other grounds, that the demurrer ought to have been sustained: First—Because it did not appear from the complaint that the Court in which the undertaking was filed had jurisdiction to render the judgment from which the appeal was taken, and to receive the undertaking upon which this action is brought. Second— Because it is not averred that the undertaking had the effect to stay proceedings upon the judgment from which the appeal was taken. Third—Because the terms of the undertaking are not sufficiently alleged or set forth. Fourth— Because it does not appear that any execution had been

issued against Brooks, the principal, or that any demand had been made upon him for the payment of the judgment. Fifth—Because it does not appear that Calderwood had sold the land to the assignee (the plaintiff) of the undertaking, in which case only, as argued, he would be entitled to the rents and profits. Sixth—Because the undertaking is not assignable, or that its assignment does not carry the rents and profits. Seventh—Because it is not averred that Calderwood was entitled to the possession of the premises pending the appeal.

Some, and perhaps all, of these alleged defects do not affect the entire complaint, and, therefore, as suggested by counsel for the respondent, the ruling of the Court upon the demurrer was probably correct for that reason; but as all of these objections were renewed upon the trial, and again decided against the defendants, we shall consider them without regard to the manner or place of their coming.

*First*—The objection that the jurisdiction of the Court to receive the undertaking is not shown, is untenable. It appears from the complaint that the action was for the possession of land, and that it was brought in the District Court of the Twelfth Judicial District. We know of no mode in which the jurisdiction of the Court could have been more satisfactorily alleged. Instead of a failure to allege jurisdiction, conceding such an allegation to have been necessary, the facts upon which jurisdiction depended are fully stated, although a general averment would have been sufficient. (Practice Act, Sec. 59.) But, independent of this consideration, the jurisdiction of the Court, in the case in which the undertaking was given, cannot be questioned by the sureties, for the judgment of the appellate Court is conclusive upon the appellant as to the jurisdiction of the Court, as well as to all other matters involved in the case, and is, therefore, conclusive upon his sureties also. (*Hathaway* v. *Davis*, 33 Cal. 161; *Riddle* v. *Baker*, 13 *Id.* 295; *Irwin* v. *Backus*, 25 *Id.* 223.)

*Second*—The objection that it does not appear that the undertaking had the effect to stay execution is grounded upon

the idea that an undertaking on appeal is of no effect, unless accompanied by the affidavit of the sureties that they are each worth the amount specified therein, etc., as provided in the three hundred and fifty-fifth section of the Practice Act. Whether the undertaking was accompanied by the affidavit of the sureties does not appear upon the face of the complaint, but it does appear from the facts there stated that further proceedings were never taken upon the judgment, and that Brooks had the full benefit of a stay pending his appeal. Such being the case, can he or his sureties be heard to say that the undertaking is void because all the forms of the statute, *through their omission,* were not complied with? It seems to be settled that the failure of the sureties to justify, if such was the case, constitutes no defense. This rule is deduced from the proposition, which no one disputes, that a party may waive a compliance with statutory conditions which are merely directory and intended solely for his benefit. The provisions of the statute which require the residence and occupation of the sureties to be stated, the penalty of the undertaking to be double the amount of the judgment, and the affidavit of the sureties that they are worth the amount specified in the undertaking over and above all their just debts and liabilities, exclusive of property exempt from execution, are directory, and a compliance therewith may be waived by the respondent, either expressly or impliedly, by failing to take any advantage of their non-observance, and treating and accepting the undertaking as sufficient. In *Dore v. Covey* (13 Cal. 502), the residence and occupation of the sureties had been omitted, yet the undertaking was declared sufficient in an action upon it against the sureties. Justice Baldwin, speaking for the Court, said: "The respondent's argument, that the undertaking shall not stay execution, unless made in precise conformity with the statutory rules, is answered by the authorities cited, which hold, in effect, that these provisions are intended for the benefit of the other party, and that he may waive them, just as if the statute declared that no judgment should be rendered without service of process; but the defendant might waive the process or service. This waiver was made by the plaintiff

below. He considered the appeal as regularly made, made no motion to dismiss, issued no execution and suffered the undertaking to have the full effect of a regularly executed instrument. In *Blair* v. *Hamilton* (32 Cal. 50), there had been an express waiver of justification, and for that reason the undertaking, without a justification, was held sufficient on a motion to dismiss the appeal. In the case of the *People* v. *Carpenter* (7 Cal. 402) and the *People* v. *Shirley* (18 Cal. 121), the justification of the sureties was insufficient, but that fact was held to be no defense to an action upon a recognizance for the appearance of a party charged with crime. In the latter case, Chief Justice Field said : "The justification forms no part of the defendants' contract and in no manner affects their liability. The insufficiency of the amounts would have been good ground for the County Judge to refuse his approval of the instrument, but it does not lie in the mouth of the sureties to object, when the approval is given." In this matter there is no distinction between bailbonds and undertakings of the character of the one in suit. Here, as well as there, "the justification forms no part of the defendant's contract, and in no manner affects their liability." *Ward* v. *Whitney* (3 Sandf. S. C. 399) and *Gibbons* v. *Berhard* (3 Bosw. 635) are to the same effect. In the latter it was directly ruled that a complaint upon an undertaking on an appeal is not, for the reasons above stated, bad on demurrer, because it omits to state that the undertaking was accompanied by the affidavit of the sureties that they are worth double the sum specified therein.

*Third*—The point that the copy of the undertaking set out in the body of the complaint must be treated as evidence merely, and that without it the complaint is defective, is sufficiently answered by the cases of *Stoddard* v. *Treadwell* (26 Cal. 302) and *Hallock* v. *Jaudin* (34 *Id.* 175). A contract may be declared on according to its legal effect, or in *haec verba*, and where the latter is the case it must be taken and considered as a part of the complaint.

*Fourth*—The point, that the complaint is bad, because it contains no averment that an execution had been issued and returned unsatisfied, and because no demand for payment

is alleged to have been made upon the principal, is also untenable. The issuing of an execution before a demand for payment is not a condition precedent to a right of action upon the undertaking. *(Browner* v. *Davis,* 15 Cal. 11.) The undertaking is the independent and absolute contract of the sureties. *(Curtis* v. *Richards,* 9 Cal. 38.) To discharge them it must appear that the judgment has been *paid,* and non-payment of the judgment may be shown by the plaintiff by other testimony as well as by the return of an execution unsatisfied. *(Nickerson* v. *Chatterton,* 7 Cal. 573; *Tissot* v. *Darling,* 9 *Id.* 285.) In *Heebner* v. *Townsend* (8 Abb. P. R. 237), it was said that "the undertaking on appeal is an independent and absolute undertaking that the appellant will pay the judgment, if it be affirmed, and by its terms precludes the idea that the judgment creditor must first exhaust his remedy under the judgment and execution before he can resort to his action on the undertaking;" and it was futher held that no notice of the affirmance of the judgment, or demand for its payment, was necessary prior to the commencement of an action upon the undertaking, for the reason that the undertaking is founded upon no such conditions, but is an absolute guarantee that the appellant will pay. (Page 238.) In *Wood* v. *Derrickson* (1 Hilton, 410), it was said "that an undertaking on appeal for costs and judgment, if it be affirmed, does not require the issuing of an execution, but is forfeited as soon as the affirmance of the judgment takes place."

*Fifth, Sixth*—The point that an assignee of an undertaking on appeal cannot recover, without also alleging and proving an assignment of the judgment, or the claim which has been secured by the undertaking, is probably well taken. The undertaking is a promise to pay a particular debt or obligation *of another* person and not to pay money generally, and whoever claims a performance must, doubtless, show that the debt or obligation is due to him, and this he cannot do, if he is not the plaintiff in the judgment, unless he proves an assignment. But the further point, upon which this point is founded, that the assignment from Calderwood to the plaintiff is of the undertaking only, and not of his claim

against Brooks for the value of the use and occupation of the premises and his judgment for costs, we think cannot be sustained.   We think the terms of the assignment are broad enough to cover not only the promise of the sureties, but the claim against Brooks for use and occupation and the judgment for costs.   It is true that the use and occupation and judgment for costs are neither mentioned by name; but after a formal transfer of the undertaking, the assignment continues and concludes as follows: "And I," said Calderwood, "do hereby assign and transfer to said Murdock all demand and claim I have against said Robert C. Brooks, and against John Shirley and William E. Reid as sureties for said Brooks on said undertaking, *and in the amount thereby secured.*"   The words we have italicized must refer to the "amount" due for use and occupation and for costs, for that is what was *secured* by the undertaking.

*Seventh*—In support of the demurrer it is, lastly, urged that it is not averred that Calderwood was entitled to possession pending the appeal, and is not therefore, as argued, entitled to the rents and profits.   Such an averment would have been idle and useless had it been made, for the right to possession as against Brooks, and therefore as against his sureties pending the appeal, followed conclusively from the judgment against him for the possession, which judgment is alleged.

Our conclusion upon this branch of the case is that the Court below did not err in its ruling upon the demurrer.

Notwithstanding the points made upon the demurrer were numerous, they did not exhaust the law of this case.   Other points, scarcely less numerous, arose upon the trial of the issues of fact, some of which are yet to be considered.

The action in which the undertaking in suit was given, was commenced on the 4th of April, 1863; the judgment was entered on the 14th of November, 1864, and the undertaking was filed on the 23d of April, 1865.   In answer to the claim for use and occupation pending the appeal, the defendants proposed to prove by proper and competent evidence that in March, 1861, one Edmond Brooks brought an action of ejectment against Calderwood and the defendant, R. C.

Brooks, with others, for the possession of the premises in question ; that, although the action was subsequently dismissed as to Calderwood, judgment for possession was finally obtained against R. C. Brooks and the other defendants, on the 12th of November, 1861 ; that an execution was issued upon said judgment, and R. C. Brooks dispossessed soon after the suit of Calderwood against him, in which the undertaking in question was given, was commenced, but long before it was tried, and still longer before this undertaking was given. In connection with the proof of these facts the defendants offered to prove further, that, in respect to the action of Edmond Brooks, R. C. Brooks was tenant to Calderwood, and that Calderwood defended the action in the name of his tenant ; that Edmond Brooks also obtained a judgment in that case against R. C. Brooks and others for damages to the amount of about $1,000, and that Edmond Brooks had assigned the damages to the defendant, Shirley, it being claimed that Shirley, was entitled to set off that amount against any sum the plaintiff might be entitled to recover upon the undertaking in suit. The testimony was excluded, the defendants excepting.

The defendants next proposed to prove by competent evidence that in December, 1863, Edmond Brooks commenced an action against Calderwood and R. C. Brooks, with others, to quiet his title to the premises in question ; that Calderwood answered on the 20th of January, 1864, and that a judgment quieting the title was entered on the 19th of June, 1865, the object being to show thereby that R. C. Brooks was not in possession of the premises at the time the undertaking in question was given, or at any time thereafter, pending his appeal ; that, on the contrary, the premises were during all that time in the exclusive possession of Edmond Brooks, under title paramount to the pretended title of Calderwood, from which it is argued that neither R. C. Brooks nor his sureties can be held to answer for the value of the use and occupation, which they undertook and promised to pay. This testimony was also excluded, the defendants excepting.

(a)—So far as the foregoing testimony was offered in

response to the claim for use and occupation, we think it was properly excluded, upon the ground, as already suggested, that the defendants were estopped from denying that R. C. Brooks was in possession at the time he took his appeal and gave this undertaking, assuming, as counsel seems to suppose, that an undisturbed possession by R. C. Brooks of the premises pending the appeal was the true consideration of the undertaking. If he was turned out of possession soon after the action was commenced, under a writ of restitution in favor of Edmond Brooks, we are at a loss to understand why he afterward contested the action brought by Calderwood, and especially why, after the judgment had gone against him, he moved for a new trial, appealed and gave this undertaking. If he went out in good faith under legal process in favor of Edmond Brooks, he certainly had no interest in longer defending the possession against Calderwood. Unless there are some facts which have been kept back, it seems as if the defendants had been placing obstructions in the path of Calderwood in the interest of Edmond Brooks. This suspicion is strengthened by the circumstance that they are found in possession of a so-called counter claim, with which they have been supplied by Edmond Brooks. The consideration stated in the undertaking, however, is not, in terms, at least, that R. C. Brooks shall have undisturbed possession of the premises pending the appeal, but that there shall be a stay of proceedings upon the judgment. Whether, in view of this language, an eviction of the appellant, even subsequent to the execution of the undertaking, can be shown in defense to an action upon it for use and occupation, or whether the effect of the stay is to create, as between the plaintiff and defendant, the relation of landlord and tenant merely, with the rights respectively which accompany that relation, it is unnecessary to decide for the purposes of this case.

(*b*)—We also think the testimony was properly excluded, so far as it was offered in support of a counter claim. Conceding that the assignment from Edmond Brooks to Shirley was made before Calderwood's assignment to the plaintiff, or before notice thereof was communicated to Shirley—facts

not disclosed by counsel while tendering this testimony—still the judgment held by Shirley was not against Calderwood nor the plaintiff, but against R. C. Brooks and seven other persons. Such being the case, there is no pretense for saying that the judgment assigned to Shirley, *as, such*, could be enforced by him against Calderwood or his assignee. If, as suggested by counsel, R. C. Brooks and Williams, two of the defendants in the judgment held by Shirley, were the tenants of Calderwood, and he was bound to indemnify them against the judgment, those facts do not tend in the least to connect Calderwood with the judgment, as such, against them. If they, R. C. Brooks and Williams, had been made to pay the judgment, in whole or in part, they would have had a claim against Calderwood for that amount, if, as charged, he was bound to indemnify them against the judgment. But they have neither done this, nor, if they have, have they assigned their claim to Shirley.

Judgment and order affirmed.

Mr. Justice SPRAGUE delivered no opinion.