[No. 9,274.   In Bank.—May 14, 1884.]

NEWTON MORGAN, APPELLANT, v. STEWART MEN-
ZIES ET AL., RESPONDENTS.

65  243
78  445
78  448

PRACTICE AND PLEADING—LIABILITY OF SURETIES TO UNDERTAKING—DEMAND.—
Where a demand is necessary to fix the liability of sureties to an undertaking, it
is part of the contract, and must be made before the commencement of an
action for the breach of the undertaking, and averred in the complaint. It can-
not be made after the commencement of the action except as the basis of a new
action.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco.

The facts appear in the opinion of the court.   See also report
of same case on former appeal, 60 Cal. 341.

*Wm. H. Sharp*, for Appellant.

*W. C. Burnett*, and *E. E. Haft*, for Respondent.

McKEE, J.— On a former appeal in this case we held that no
recovery could be had in the action out of which the case arises,
because there was no averment and no proof that the claim of
the plaintiff had been presented to the board of supervisors of
the city and county of San Francisco, as required by the statute
of 1863–64, pp. 152, 153, and payment demanded; and
because the undertaking itself upon which the action was
founded was in contravention of law, and void; therefore the
judgment appealed from was reversed and the cause remanded.
(60 Cal. 341.)

When the remittitur went down and was filed in the lower
court, the plaintiff amended his complaint, and, subsequently,
filed a supplemental complaint containing the averments, that he
had presented his claim to the board of supervisors of the city
and county and demanded payment thereof on the 10th of July,
1882, two years and six months after the commencement of the
action.   Upon these pleadings the action was again tried and
judgment was given for the defendants, from which the plaintiff
appeals.

Where a demand is necessary to fix the liability of sureties to
an undertaking, it is parcel of the contract; and it must be made

before the commencement of an action for the breach of the undertaking; and in the action itself it must be averred and proved. It cannot be made after the commencement of the action, except as the basis of a new action.

With the exception of the averment of a demand in the supplemental complaint, the pleadings upon which the case was tried are, substantially, what they were on the former appeal, and the questions at issue are the same; the decision then rendered must therefore be accepted as the law of the case.

Judgment affirmed.

McKINSTRY, J., ROSS, J., MYRICK, J., SHARPSTEIN, J., and THORNTON, J., concurred.