[No. 11576.   Department One. — March 21, 1889.]

## L. COBURN, APPELLANT, *v.* P. BROOKS ET AL., RESPONDENTS.

PRINCIPAL AND SURETY — DEMAND — EMINENT DOMAIN — BOND FOR POSSESSION. — It is not necessary to allege or prove a demand upon the principal, in order to maintain an action against the sureties on a bond given for the purpose of taking possession of property sought to be condemned for public use, under section 1254 of the Code of Civil Procedure, although the promise of the bond is that the plaintiff in the condemnation proceedings will pay all such damages or compensation as may be awarded to the defendants, or either of them.

ID. — LIABILITY OF GUARANTORS. — Under sections 2806 and 2807 of the Civil Code, the liability of sureties who are guarantors for a principal is absolute, in the absence of anything in the contract calling for a demand.

DECISIONS — CONSTRUCTION. — The language of a decision must be considered in the light of the circumstances involved in the case before the court.

ID. — CASE QUALIFIED. — The decision in the case of *Morgan* v. *Menzies*, 60 Cal. 348, and 65 Cal. 243, qualified.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Crittenden Thornton,* and *F. H. Merzbach,* for Appellant.

The requirement of a demand is not contained in the bond, and cannot be added to it by construction. (*Nickerson* v. *Chatterton,* 7 Cal. 573; *Tissot* v. *Darling,* 9 Cal. 285; *Browner* v. *Davis,* 15 Cal. 11; *Curtis* v. *Richards,* 9 Cal. 38; *Murdock* v. *Brooks,* 38 Cal. 600; *Palmer* v. *Vance,* 13 Cal. 553.) The statute under which the bond was given does not expressly make the liability of the sureties dependent upon a demand. (Code Civ. Proc., sec. 1254, ed. of 1872.)

*Fox & Kellogg,* for Respondents.

Demand upon the principal was essential to fix the liability of the sureties. (*Morgan* v. *Menzies,* 60 Cal. 348; 65 Cal. 243; *Pierce* v. *Whiting,* 63 Cal. 538; Civ. Code, secs. 2831, 2836, 2847.)

PATERSON, J.—This action was commenced August 22, 1876, trial had January 6, 1886, and judgment of nonsuit thereafter entered, from which plaintiff has appealed. The action is against the defendants as sureties, in an undertaking given under section 1254 of the Code of Civil Procedure. The defendants herein became sureties for the plaintiffs in the case of *Templeton* v. *Coburn,* a proceeding in eminent domain then pending in the twelfth district court. The condition of the undertaking is, that said sureties "do hereby undertake, promise, and agree that the plaintiffs in this case shall and will pay all such damages or compensation as may be awarded to the defendants, or either of them, . . . . if for any cause such land shall not be finally taken for public use, or in default thereof we will pay the same," etc.

Upon the trial the plaintiff introduced evidence tending to prove each and every allegation of the complaint herein, and rested his case. There is no allegation in the complaint of a demand upon the principals named in the undertaking for the damages claimed by plaintiff, nor did the plaintiff offer any evidence of such demand. The judgment of nonsuit was granted solely upon the ground that the plaintiff had neither pleaded nor proved a demand upon the principals named in the undertaking, and the only question before us is, whether such a demand must be alleged or proved.

The court below seems to have been embarrassed by the decisions of this court in *Morgan* v. *Menzies*, 60 Cal. 348, and 65 Cal. 243, and bound by the following statement of Chief Justice Morrison on the first appeal: "It will be observed that the undertaking on the part of the defendants is that the *plaintiff* in the action will pay, and there is no averment in the complaint that it is not paid, *or that even a demand has been made.* There is not, therefore, any averment in the complaint of a breach which would give the plaintiff in this case a right of action against the defendants on the undertaking." The two decisions referred to are somewhat confusing; but when read together, they fail to support the proposition, we think, that a demand upon the principal in cases like the one before us is necessary. In that case, the principal for whom the defendants had become sureties was the city and county of San Francisco. An examination of the full record, including the briefs, discloses the fact that the principal contentions, on behalf of the appellants therein, were, first, that "the attachment undertaking on which the action was based was taken without authority, and contrary to law, no undertaking being required of the city. (Code Civ. Proc., sec. 1058.) Being unauthorized and taken by an officer without authority of law, it is void, and cannot be enforced"; second, that "the city and county was not in default for

non-payment, because no payment could be made under the statute then in force without a presentation of the claim to the board of supervisors by the claimant Morgan himself." It may be said, in passing, that inasmuch as the first contention was sustained by this court, holding that the undertaking was absolutely void, it was unnecessary to the decision of the case to consider the question of demand.

It was argued by the appellant that "putting a party in default, as applied to the case, must mean putting him in such a position that his failure to pay becomes a default, and by not presenting the claim the city was not put in a position by which it was obligated to or could pay the demand; in other words, was not put in default. *Parnell* v. *Hancock*, 48 Cal. 452, was relied on in support of the proposition that the sureties under such circumstances could not be sued until the judgment against their principal was in a condition to be enforced by an execution; that so long as anything remained to be done to put the principal in default, no action could be maintained against the sureties." The court evidently took the same view of the case as counsel for appellant. On the second appeal it was said: " On a former appeal in this case we held that no recovery could be had in the action out of which the case arises, because there was no averment and no proof that the claim of the plaintiff had been presented to the board of supervisors of the city and county of San Francisco, as required by the statute of 1863–64, pp. 152, 153, and payment demanded." It is true, the court said: "Where a demand is necessary to fix the liability of sureties to an undertaking, it is parcel of the contract; and it must be made before the commencement of an action for the breach of the undertaking; and in the action itself it must be averred and proved." But this statement must be considered in the light of the circumstances involved in the case before the court. The court had held that

the city and county of San Francisco could not be put in default under the statute of 1863-64, *supra,* until a proper claim had been made and presented to the board of supervisors, as required by that statute. No such question is presented here. The principals referred to in the undertaking are the individuals who were plaintiffs in the suit of *Templeton* v. *Coburn.*

The weight of authority supports the proposition that a demand in cases like the one before us is not necessary. In *Murdock* v. *Brooks* the court said: "The point that the complaint is bad because it contains no averment that an execution had been issued and returned unsatisfied, and because no demand for payment is alleged to have been made upon the principal, is also untenable. . . . . The undertaking is the independent and absolute contract of the sureties." (38 Cal. 604.) In *Heebner* v. *Townsend,* 8 Abb. Pr. 237, the court said: "The undertaking may be considered as additional and collateral security for the payment of the judgment required by the statute to be given as a condition of staying the execution of the judgment during the pendency of the appeal. . . . . The undertaking is an absolute undertaking that the appellant will pay the judgment if it be affirmed. . . . . Notice of the affirmance of the judgment by the general term, or of the appellant's default in not paying on such affirmance, and demand of payment of the defendants, are not alleged in the complaint, and were not necessary. . . . . The fact of the affirmance of the judgment was as open to the inquiry or knowledge of the defendants as of either of the parties to the judgment; and they were obliged to take notice of the default of the appellant, as it could have been ascertained by inquiry. As a general rule, no notice or demand is necessary where one guarantees the act of another, unless the contract requires it. The notice required between indorsees and the indorsers of bills of exchange and promissory notes is an exception founded

on mercantile usage." To the same effect we cite *Anderson* v. *Sloan*, 1 Col. 487; Bayley on Suretyship, sec. 82, pp. 110–112.

In *Pierce* v. *Whiting*, 63 Cal. 538, the court cited *Morgan* v. *Menzies, supra*, in support of its decision therein, that in order to maintain an action against the sureties on an undertaking given to release an attachment under section 555 of the Code of Civil Procedure, a demand upon the sureties and their principal for the payment of the value of the property was necessary. But the two cases are widely different; an undertaking under section 555 of the Code of Civil Procedure provides that the sureties shall covenant and agree "that in case the plaintiff recover judgment in an action, the defendant will *on demand* redeliver the attached property," etc.; and the undertaking contained the covenant required by that section, but no demand on the defendant was alleged, and the complaint was properly held insufficient. No such demand is required by section 1254 of the Code of Civil Procedure.

In some states it is held that the demand must be made upon the principal debtor in order to fix the guarantor's liability, as in the case of indorser, but, as stated before, the weight of authority is on the other side of the question; and if there was any doubt as to the correct rule before the code, it seems to us it has been removed by the provisions of sections 2806 and 2807 of the Civil Code, which, in the absence of anything in the contract calling for a demand, render the liabilitiy of the sureties absolute. (See also sections 2831, 2837, 2840, and 2844 of the Civil Code.)

We think the judgment must be reversed, and it is so ordered.

SHARPSTEIN, J., and McFARLAND, J., concurred.