[14523. In Bank.—March 29, 1893.]

CHARLES H. PIEPER, RESPONDENT, *v.* ALEXANDER PEERS ET AL., APPELLANTS.

APPEAL—BOND TO STAY EXECUTION—CLAIM AND DELIVERY—EFFECT OF DISMISSAL —LIABILITY OF SURETIES—DEFENSE TO ACTION UPON BOND.—An undertaking upon appeal from an alternative judgment, in an action of claim and delivery, to stay execution of the judgment, by the terms of which the sureties promise and agree "that the appellant will pay the amount of the judgment so appealed from, and all costs, and will obey the order of the court made therein if the appeal be withdrawn or dismissed," is an independent and absolute contract on the part of the sureties, the liability upon which could not be defeated by any act or omission on their part, or on the part of their principal; and upon a dismissal of the appeal they become liable for the amount of the judgment appealed from, and all costs, and to discharge themselves from such liability in an action upon their undertaking, they must show as a matter of defense that the judgment has been satisfied either by a return of the property, or by payment of the amount of the judgment and costs; and upon their failure to make such showing, judgment is properly rendered against them for such amount.

ID.—PLEADING—COMPLAINT ON BOND—UNNECESSARY AVERMENTS.—In an action against the sureties upon such undertaking, it is not necessary to the sufficiency of the complaint to allege the issuance and return of the execution unsatisfied; or that notice of the dismissal of the appeal was given; or that demand was made prior to the commencement of the action; or that a delivery of the property could not be had; or that any order was made by the appellate court which the appellant failed or refused to obey.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*J. H. Campbell,* for Appellants.

The complaint should have alleged that an order of dismissal was made and the non-compliance with it. The obligation of a bondsman in a replevin suit on appeal is to obey the order of the appellate court. (Code Civ. Proc., sec. 943.)

*William P. Veuve,* for Respondent.

Where the appeal is from a judgment of a justice's court the Code of Civil Procedure, section 978, prescribes the amount and condition of the undertaking necessary to be given to stay execution. Code of Civil Procedure, section 943, cited by counsel for appellants, and upon which his argument is based, does not apply. (Code Civ. Proc., sec. 959.) No other order than the one dismissing the appeal was necessary to be made by the superior court.

(Code Civ. Proc., sec. 980.) Such dismissal was in effect an affirmance of the judgment of the justice's court. (*Rowland* v. *Krayenhagen*, 24 Cal. 52.) The complaint and findings show non-payment or non-satisfaction of the judgment, which was all that was necessary to fix the liability of the sureties, no notice to them of the dismissal of the appeal being required. (*Murdock* v. *Brooks*, 38 Cal. 604; *Coburn* v. *Brooks*, 78 Cal. 443.)

FITZGERALD, J. — This was an action against the defendants as sureties upon an undertaking given to stay execution of judgment pending appeal. The defendants demurred to the complaint on the ground of insufficiency, and the demurrer was properly overruled. They then answered, and plaintiff had judgment, from which the defendants appeal upon the judgment-roll alone.

It is substantially alleged, and the court finds, that one Marie Albert obtained a judgment in a justice's court against one Lucas for the delivery of a certain lot of hay, or the value thereof in case delivery cannot be had; that Lucas thereafter filed and served notice of appeal therefrom to the superior court, and that thereupon the defendants executed and filed in the justice's court their written undertaking and justification on appeal, conditioned in pursuance of the provisions of section 978 of the Code of Civil Procedure; that the appeal was thereafter dismissed by the superior court; that no part of the hay has ever been delivered, nor any part of its value or the costs ever been paid pursuant to the judgment, and that the judgment was duly assigned to plaintiff.

It was not necessary to the sufficiency of the complaint to allege the issuance and return of the execution unsatisfied (*Nickerson* v. *Chatterton*, 7 Cal. 475; *Tissot* v. *Darling*, 9 Cal. 285); or that notice of the dismissal of the appeal by the superior court was given (*Murdock* v. *Brooks*, 38 Cal. 604); or that demand was made prior to the commencement of the action (*Coburn* v. *Brooks*, 78 Cal. 443; *Murdock* v. *Brooks*, 38 Cal. 604); or that a delivery of the property could not be had; or that any order was made by the superior court which the appellant in that case failed or refused to obey, unless a recovery is sought upon such order, when made, which is not the case

here, for the obvious reason that the undertaking on appeal, which is the basis of this action, is an independent and absolute contract on the part of the defendants, by the terms of which they expressly promised and agreed, in consideration of a stay of the execution of the judgment appealed from, "that the appellant will pay the amount of the judgment so appealed from and all costs, and will obey the order of the court made therein if the appeal be withdrawn or dismissed."

In *Moffat* v. *Greenwalt*, 90 Cal. 368, which was an action upon an undertaking on appeal to a superior court, it was said by Justice Harrison: "By their undertaking the defendants promised and agreed that 'if the appeal be withdrawn or dismissed,' the appellant would pay the amount of the judgment so appealed from. This was an original and independent agreement on their part. (*Tissot* v. *Darling*, 9 Cal. 278), and in legal effect was entered into by them with the plaintiff. By virtue of the provisions of section 979 of the Code of Civil Procedure, upon the filing of the undertaking staying proceedings, all proceedings under the execution are to be stayed. . . . . The consideration recited in the undertaking was the 'staying of the execution of the judgment appealed from,' and as this undertaking was filed, it became an executed obligation on their part, and whenever the contingency upon which the obligation was to depend arose, their liability became fixed. This liability could not thereafter be defeated by an act or omission on their part, or on the part of their principal. Their agreement to be bound in case the appeal should be dismissed extended as well to a dismissal resulting from their failure to justify as to a dismissal resulting from a failure on the part of their principal to prosecute the appeal. . . . . We do not think that it was competent for the defendants, after they had executed the undertaking, to avoid their liability thereon by any act of their own or any failure to comply with a provision which is intended solely for the protection of the respondent."

Upon the dismissal of the appeal, the defendants became liable for the amount of the judgment appealed from and all costs. To discharge themselves from this liability, they must show as a matter of defense that the judgment has been satisfied by the return of the property, or that the amount of the judg-

ment and costs have been paid.   As this does not appear to have been done, it follows that the judgment should be affirmed, and it is so ordered.

DE HAVEN, J., MCFARLAND, J., HARRISON, J., GAROUTTE, J., PATERSON, J., and BEATTY, C. J., concurred.