NELSON, RESPONDENT, *v.* DONOVAN ET AL., APPELLANTS.

[Submitted April 16, 1895.   Decided April 22, 1895.]

SURETIES—*Demand—Bond to pay judgment.*—A demand is not necessary before bringing action against a judgment debtor and his sureties on a bond given to stay execution and conditioned that the obligor would pay the judgment. (*Lomme* v. *Sweeney*, 1 Mont. 584; *Hoskins* v. *White*, 13 Mont. 70; *State* v. *Biesman*, 12 Mont. 13, cited.)

COSTS—*Motion to retax—Res judicata.*—Where a motion to retax costs is denied and the judgment is not appealed from, the question of the legality of such costs is *res judicata* in an action on a bond conditioned for the payment of the judgment of which such costs were a part.

*Appeal from Eighth Judicial District, Cascade County.*

JUDGMENT on the pleadings was rendered for the plaintiff below by BENTON; J.   Affirmed.

*James Donovan,* for Appellants.

*Ed. L. Bishop,* for Respondent.

DE WITT, J.—Since the decision of the motion in this case (14 Mont. 78, 35 Pac. 227) the case stands upon an appeal

from the judgment. There is nothing before us but the judgment roll. Judgment was rendered in favor of the plaintiff upon the pleadings. If there was an issue in the pleadings, this was error. The appellants contend that there was an issue. The plaintiff sued upon a bond, alleging breach of the conditions of the same. The bond was given by appellants here to stay an execution pending a motion for new trial in the case of James Donovan (one of the defendants and appellants here) against N. P. Nelson (plaintiff and respondent here.) The condition of the bond was that, if the motion for new trial was denied, the obligors would pay the judgment in the case. The bond was executed by Donovan, plaintiff in that case, and by the two other defendants in this case. The motion for new trial in that case was denied. The obligors have not paid the judgment.

It further appears by the complaint in this case that plaintiff demanded from defendants payment of the judgment. This the answer denies. This, however, is not an issue. The demanding of the payment was not a material allegation in the complaint. There need be no demand for the payment of a judgment before bringing action against the judgment debtor and his sureties on the bond. (Brandt on Guaranty and Suretyship, §§ 1, 97, 197, 198; *Coburn* v. *Brooks.* 78 Cal. 443, 21 Pac. 2; *Lomme* v. *Sweeney*, 1 Mont. 584; *Hoskins* v. *White*, 13 Mont. 70, and cases cited; *Pieper* v. *Peers*, 98 Cal. 42, 32 Pac. 700; *State* v. *Biesman*, 12 Mont. 13.) In the case of *Pinney* v. *Hershfield*, 1 Mont. 367, there is a dictum, which is not necessary to the decision of the case, which it is claimed holds the contrary of the view now expressed. That dictum consisted of a quotation from Parsons on Contracts, but by a reference to that author it is found that his language referred to a subject different than that here before us.

Appellants claim that there is another issue in the pleadings, as follows: The judgment in the former case of *Donovan* v. *Nelson* was in favor of defendant for his costs, taxed in the sum of $143.70. The defendants in this case set up that these

costs were illegally taxed. But plaintiff Donovan in that case made a motion to retax them, which was denied. No appeal was taken from the judgment in that case for the purpose of reviewing the denial of the motion to retax costs. That matter cannot now be pleaded in defense in this case. It was *res adjudicata* in the former case. (*McCormick* v. *Hubbell*, 4 Mont. 98.) The judgment herein is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.