Bissell, J.
This, was an action on an appeal bond against the sureties who gave it on an appeal from a judgment which was ultimately affirmed by this court. The only point presented by the argument for the appellant in his exceedingly short brief, is the suggestion that the action will not lie because the complaint does not allege a demand prior to the beginning of the suit and none was proven.
The proposition is supported by no authorities, and the only reference made does not uphold the appellants’ contention. The question has been settled by the supreme court and all the authorities bearing on it undoubtedly hold that a surety is a principal debtor and that no demand is necessary before action. If a demand is necessary the bringing of the suit is sufficient. Anderson et al. v. Sloan, 1 Colo. 484; Rockwell v. District Court, 17 Colo. 118; 1 Brandt on Suretyship, § 97; Coburn v. Brooks et al., 78 Cal. 443 ; Lomme v. Sweeney, 1 Mont. 584; Pieper v. Peers, 98 Cal. 42.; Flannagan v. Cleveland, 62 N. W. Rep. 297; Carr v. Card, 34 Mo. 513.
*79 Without objection proof was made of the issuance of an execution prior to the commencement of the suit and its return nulla bona. If an execution ought to have been issued and the return should be made in order to establish the liability of the sureties, a proposition to which we do not assent, but which we do not decide this was sufficiently shown. Under the rule we are not permitted to reverse a judgment where the substantial rights of the parties have not been affected. The situation' would furnish an adequate reason for its affirmance.
We are quite of the opinion that this appeal was prosecuted simply for delay. It is quite possible under the authority of Rohrig v. Pearson, 15 Colo. 127, we might have the right to impose a penalty. The matter however is in such doubt that in the absence of the statute, we shall simply affirm the judgment with a direction to tax all the costs in this court including the costs of the appellee’s brief against the appellant, as a penalty for the frivolous appeal. This will permit the appellee to recover his judgment with interest, and without expense.
The judgment is affirmed.

Affirmed.