## ELLIS v. HULL et al.

WHERE an appeal is taken to the Supreme Court from a judgment, by filing notice of appeal and undertaking, and the appeal is afterwards dismissed by the Supreme Court for failure of the appellant to send up a transcript, the sureties are liable on the undertaking on appeal.

APPEAL from the Seventh Judicial District, Solano County.

People *v.* Leet.

On the twenty-fourth day of December, 1861, judgment was rendered in the County Court of Solano County in favor of Ellis against Hull & Hull for three hundred and fifty-one dollars and fifty-three cents damages, and for one hundred and four dollars and fifty cents costs. On the twenty-third day of January, 1862, the defendants appealed to the Supreme Court, and the defendants W. Long and S. W. Long, as sureties, signed the undertaking on appeal. On the twelfth day of April, 1862, the Supreme Court dismissed the appeal, because the transcript had not been filed. This action was brought on the undertaking on appeal. The Court gave judgment for plaintiff, and defendants appealed.

*M. A. Wheaton*, for Appellants.

*Swan & Hays* and *G. W. McMurtry*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action upon an undertaking on appeal, and the only ground of error assigned is that no appeal had been taken, and therefore that the undertaking was without consideration. The evidence sustains the findings of the Court that an appeal had been taken, which was dismissed by the Supreme Court with costs, on the ground of the failure of the appellants to file the transcript. The objection, therefore, is not well taken.

The judgment is affirmed.