CASE 31—APPEAL TO C. C.—JANUARY 10.

# Manier vs. Lindsey.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. If a party desiring to appeal to the circuit court attempts, in good faith, to execute a bond, and does in fact execute, with surety, such a bond as is prepared by the clerk, and it is defective, he should be allowed to execute a new bond without prejudice to his rights. .(*Adams vs. Settles*, 2 *Duvall*, 77; *Civil Code, sec.* 753.)

2. On motion of the appellee in the circuit court to dismiss the appeal for want of sufficient bond, in consequence of blanks being left therein, it was error in the circuit court to refuse to permit the appellant to execute a sufficient bond.

3. On dismissing the appeal, the law remitted the appellee to his original judgment, and did not allow another judgment by the circuit court for the amount of that judgment.

THOMAS TURNER,                                    For Appellant,

CITED—

*Civil Code, sec.* 161; 2 *Duvall*, 76; *Adams vs. Settles.*

R. APPERSON,                                      For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On granting the appeal to the circuit court the required bond was executed and approved, but, in consequence of blanks, was fatally defective. The Code, by section 753, provides for a new and sufficient bond in such a case; and, in expounding and applying that section, this court, in the case of *Adams vs. Settles*, 2 *Duvall*, 77, decided that, " if a party desiring to appeal attempts, in good faith, to execute a bond, and does in fact execute, with security, such bond as is prepared by the clerk, and it is defective,

he should be allowed to execute a new bond without prejudice to his rights."

In the case now before us, the appellee, in the circuit court, made a motion to dismiss the appeal for want of a sufficient bond; whereupon, the appellant offered to execute a sufficient bond, which the court refused to permit, and dismissed the appeal and rendered another judgment for the amount of the judgment appealed from.

All this we adjudge to be erroneous. The circuit court having decided that the appellant had no right to execute a new bond, he could not present any such bond; and had he been permitted to do so, we must presume that it would have been sufficient and satisfactory; and, if it had not been so, the court might then, but not before, have dismissed the appeal.

But, in any event, on dismissing the appeal, the law remitted the appellee to his original judgment, and did not allow another judgment by the circuit court for the amount of that judgment.

For these reasons the judgment is reversed, and the cause remanded, with leave to the appellant to execute a sufficient appeal bond.