No. 2,164

THE PEOPLE OF THE STATE OF CALIFORNIA. RESPONDENTS,
v. PHILIP DICK, APPELLANT.

PRACTICE ON APPEALS IN CRIMINAL CASES. — On the simple affirmance of an order or judgment appealed from, in criminal cases, no order of the appellate Court, directing the Court from which the appeal is taken, to proceed to enforce the judgment, is necessary to re-invest that Court with jurisdiction.

IDEM. — The mode of executing judgments, in criminal cases, is prescribed and controlled by statute, and not by an order of an appellate Court.

APPEAL from the District Court of the Fifth District, San Joaquin County.

Upon conviction, the appellant, by the judgment of the District Court, was sentenced to be hung; from which judgment he appealed to this Court. At the April Term, the judgment of the Court below was affirmed, and the remittitur was duly filed in the Court below. The remittitur contained no directions for the Court below to proceed in the matter. On the return of the remittitur, the Court, wherein the appellant was convicted, proceeded to fix, again, the day for the execution of its sentence; to which the appellant

objected, and from which proceeding this appeal is taken, upon the following assignment of errors :

*First*—The Court erred in refusing to discharge the defendant from custody, because said Court, nor any other Court, had jurisdiction of the person of said defendant.

*Second*—The Court erred in pronouncing sentence, and fixing a day for carrying the same into execution, because it had no authority so to do, not having been directed by the Supreme Court to take any steps in the matter; and because the statute prescribes that the original judgment shall be carried into execution under the orders of the Supreme Court.

*Byers & Elliott,* for Appellant.

The Supreme Court had jurisdiction of the case on the former appeal, and the power of directing how the sentence should be carried into execution. Which power is *exclusive;* it being prescribed that the sentence shall be carried into execution as the appellate Court may direct. (Crim. Prac. Act, Sec. 503; Hittell's Laws, Sec. 2090.) The appellate Court, on the issuing of the remittitur, lost jurisdiction of the case. (*Rowler* v. *Kreyenhagen,* 24 Cal. 52 ; *Blanc* v. *Bowman,* 22 *Id.* 23.)

*Jo Hamilton,* Attorney General, for Respondents :

Cited Sec. 506 of the Criminal Practice Act; 1 Hittell's Digest, p. 301.

SPRAGUE, J., delivered the opinion of the Court .

On an appeal to this Court, from a judgment of an inferior Court, in cases of felony, when the judgment of the Court below is affirmed, the judgment of the appellate Court is entered in its minutes, and a certified copy of such entry is immediately remitted to the Clerk of the Court, from which the appeal was taken ; from which time the appellate Court has no further jurisdiction of the cause thus appealed ; and on the receipt and filing of such remittitur by the Clerk of the Court from which the appeal was taken, such Court is

immediately re-invested with full and exclusive jurisdiction of the case, and may make any and all orders necessary to carry the judgment into effect.   (Sections 504, 505 and 506, Crim. Prac. Act.)

And when a judgment of death, for any cause, shall remain in full force, unsuspended and unexecuted, at any time after the lapse of sixty days after its rendition, the Court in which such judgment was originally entered, on application of the District Attorney, must proceed in accordance with Sections 478 and 479 of the Criminal Practice Act, and order the defendant to be brought before it ; and on such appearance, if no legal cause be shown against the execution of the judgment, may make an order directing the Sheriff of the proper county to execute the judgment at a specified time, and in the manner prescribed by law ; and a certified copy of this order, signed by the Judge and delivered to the Sheriff, is the warrant of that officer for the full and complete execution of the judgment.

On the simple affirmance of an order or judgment appealed from, no order of the appellate Court, directing the Court, from which the appeal is taken, to proceed to enforce the judgment, is necessary to re-invest that Court with jurisdiction.   Its jurisdiction is simply suspended by the appeal, and on the return of the remittitur from the appellate Court, the appellate Court loses its jurisdiction of the case, and the Court from which the appeal was taken resumes its jurisdiction as fully and absolutely as though no appeal or suspension of its jurisdiction had ever occurred.

The mode of executing judgments in criminal cases is prescribed and controlled by statute, and not by order of an appellate Court; and it is not to be presumed that a Court, from whose judgment an appeal has been taken, will neglect to enforce its judgment, or that such Court requires a mandate from the appellate Court to prompt it to a performance of its duty, after the original judgment has been approved by the appellate Court, and it has again obtained complete and exclusive jurisdiction thereof.

The proceedings of the Court below, from which this appeal was taken, seem to have been in strict compliance with

the law; and the appeal is without merit and frivolous, result-
ing only in a delay of justice, and the necessity of again
repeating the same proceedings in the Court below, to effect
the final execution of the judgment.

Order affirmed.