BARRY, appellant, *v.* LARABIE ET AL., respondents.

*Sureties indemnified for executing a bail bond must comply strictly with the contract of indemnity.* — A prisoner was bound over by a committing magistrate to await the action of the grand jury, on a charge of having obtained money under false pretenses, and his bail fixed at one thousand dollars. The plaintiff entered into a written contract with the defendants, whereby it was agreed that, in consideration of the plaintiff's depositing in bank one thousand dollars to indemnify them, the defendants should become sureties on a bond for the appearance of the said prisoner in the district court, to answer to the charge upon which he had been bound over. The contract further provided that, in case the prisoner failed to appear, and default was entered on the bond, upon a certificate of the clerk of the district court to that effect, the defendants were to draw the money deposited, but were to repay plaintiff if they should be exonerated from the bond. The money was deposited, and defendants executed a bond for the appearance of the prisoner, to answer not only an indictment for the crime with which he was charged, but also "to answer to any indictment which might be by the grand jury of said county pre-

ferred against him." Thereupon the prisoner was released. The grand jury
found no indictment for the crime, — a misdemeanor for which the prisoner
had been bound over, — but indicted him for grand larceny from another per-
son than the one from whom he had been accused of obtaining money under
false pretenses. The prisoner failed to appear, and his bond was declared
forfeited. The defendants, upon the clerk's certificate, drew the money and
paid it over to the county commissioners of the county. *Held,* in an ac-
tion to recover the one thousand dollars from the defendants, that they had
not been indemnified by the plaintiff against the bond they executed; that
plaintiff should recover, and that the evidence was not sufficient to justify
the judgment for defendants.

PLEADING. — *Demurrer should have been sustained.* — In the case at bar the
defendants denied the allegations of the complaint specifically, and set up
as new matter, substantially the facts as above related. Plaintiff demurred
to the new matter set up. *Held,* that the demurrer should have been sus-
tained.

*Bail bond held a nullity.* — The bond signed by the sureties in the case at
bar was a nullity. The sheriff had no right to require it; and it should not
have been declared forfeited.

*Appeal from District Court, Deer Lodge County.*

THOMAS L. NAPTON and H. R. WHITEHILL, for the ap-
pellant.

The demurrer to defendant's answer should have been
sustained, and the matter demurred to constitutes the
whole defense. The express and only valid condition of
this bail bond was that Gregg should appear and answer
a charge of obtaining money under false pretenses from
one Horne. Gregg was not indicted for the crime of
obtaining money under false pretenses, nor for any of-
fense which grew out of the same transaction, and the
order of the court declaring such recognizance forfeited
was void. Rev. Stats., p. 321, sec. 255; p. 314, secs. 199,
194; and p. 302, sec. 106. The defendants were not le-
gally liable to pay said recognizance, and this being the
express condition of the contract on which they rely for
a defense to this action, the judgment of the court below
should have been for the plaintiff. The case of *Ter-
ritory* v. *Hildebrand,* 2 Mont. 426, is conclusive of this
whole matter, and being *res adjudicata,* unless obvi-

ously wrong, should not be disturbed. *State of Iowa* v. *Brown,* 16 Iowa, 314; *People* v. *Hunter,* 10 Cal. 503; *People* v. *Lafarge,* 3 Cal. 130; *Roberts* v. *State,* 34 Kan. 151; *Barringer* v. *State,* 27 Tex. 553; *Graves* v. *People,* 11 Ill. 542; *Waugh* v. *People,* 17 Ill. 563; *State* v. *Stephens,* 32 Tenn. 308; *State* v. *Winniger,* 81 Ind. 51; *United States* v. *Goldstein's Sureties,* 1 Dill. 413; *United States* v. *Horton's Sureties,* 2 Dill. 94.

ROBINSON & STAPLETON, for the respondent.

BRIEF OF J. C. ROBINSON.

The plaintiff cannot recover till he has complied with the conditions on which the money was to be paid to him. It was a condition precedent to his recovery of the said money that the defendants as bail for Gregg should be released, and the bail, by order of the court, exonerated, and that the sureties should not be required to litigate the question as to the scope of the said order of commitment, or any other fact. Admitting that the money was to be paid to the defendants only in the event of their becoming liable to pay it, the court, by its judgment of default, decided and adjudged that they were so liable, and while that judgment of forfeiture stood they were bound. The bond which respondents signed fixed their liability, and not the order of commitment.

THE opinion states the facts.

McLEARY, J. This is an appeal from a judgment and order overruling a motion for a new trial. The cause was tried before the court below, sitting without a jury, upon the complaint, answer, and replication and evidence introduced, and judgment was rendered in favor of the defendants for their costs. The evidence adduced on the trial shows that on the twentieth day of June, 1884, the probate judge of Deer Lodge County made an

order committing one Thomas Gregg to the county jail, to answer to an indictment to be preferred against him in the district court, for obtaining money under false pretenses from Thomas Horne, and fixed his bail at one thousand dollars. On the twenty-fifth day of June, the plaintiff and defendants entered into a written contract, by the terms of which the defendants, in consideration of plaintiff's depositing in bank one thousand dollars, to indemnify defendants, were to become sureties on the bond for Gregg in said sum, for his appearance in the district court to answer to an indictment to be preferred against him for obtaining money under false pretenses; and that, in case said Gregg should fail to appear, as required by the terms of such bond, and his default should be declared and entered thereon, then, upon a certificate from the district clerk to that effect, the defendants were to draw the money from the bank, and the said one thousand dollars was to be repaid to the plaintiff, in the event that the defendants should be exonerated from the said bond. Plaintiff deposited the money, and defendants signed a bond for the appearance of Gregg to answer to the indictment for obtaining money under false pretenses, or any offense for which he may be indicted, and Gregg was released. Thereafter Gregg was indicted for grand larceny from Holland. Gregg failed to appear, and his bond was forfeited. On certificate of the clerk, defendants drew the money from the bank, and paid it over to the county commissioners. And such was the substance of the findings of fact made by the court, whereon judgment was rendered in favor of defendants for costs.

Two alleged errors are relied on: 1. The overruling of the plaintiff's demurrer to the defendant's answer; and 2. That the evidence was not sufficient to justify the judgment of the court.

These will be considered in the order indicated.

1. The first part of the answer is a specific denial of the complaint; and it is sufficient. The second part of the answer to which the demurrer is interposed sets up new matter to this effect: That the money for which suit is brought is certain money which the plaintiff had deposited with a bank to indemnify the defendants from becoming sureties for Gregg, who had been bound over by the probate court to answer an indictment for obtaining money under false pretenses, and that, by reason thereof, the defendants had become sureties on Gregg's bond, binding him to appear and answer said charge, and any indictment which might be, preferred against him, and that said bond had been forfeited, etc. It seems from this portion of the answer that the defendants entered into a more onerous bond than the one against which the plaintiff had made the deposit to indemnify them. This they had a right to do, but not thereby to charge the plaintiff. He agreed to indemnify them against becoming sureties only on a bond binding Gregg to appear and answer for the crime of obtaining money under false pretenses; but thereupon the defendants became sureties on a bond which bound Gregg, not only to answer to this crime, but "to answer to any indictment which might be, by the grand jury of said county, preferred against him." Against such a bond, as appears from the answer, they had not been indemnified by the plaintiff. The demurrer should have been sustained. But even if it had been sustained, the case would have had to proceed to trial on the specific denial; and this brings us to the next question.

2. The evidence has already been fully detailed, and need not be repeated. It will be observed that the accused, Gregg, was bound over by the probate court to answer for the crime of obtaining money under false pretenses from Horne; and that it was in signing a bond, in compliance with this order, that the plaintiff made

the deposit to indemnify the defendants. But instead of signing such a bond, they signed one much more onerous, requiring the defendant to appear and answer, not only the offense for which he was bound over, but any offense for which he might be indicted. He was not indicted for obtaining money under false pretenses from Horne, which would have been a misdemeanor, but for grand larceny from Holland, which is a felony. He failed to appear, and forfeiture followed, and the money was drawn by defendants.

This bond, which the defendants signed as sureties, was a nullity. The sheriff had no right to require it, and the defendant was not bound to give it. It is not supported by the order of the probate court. It should not have been forfeited, because Gregg was not indicted for the crime mentioned in the order of the probate court.

But even if it had been a valid bond, it was not the bond the payment of which the plaintiff deposited his money to secure. If the defendants became sureties on any other bond than the one mentioned in their contract, they did so on their own responsibility, and not at the risk of the plaintiff. They had no right to expect the plaintiff to indemnify them against loss by any other bond than the one mentioned in the contract, much less a more onerous bond. The bond against which the plaintiff indemnified them was a bond to answer for a misdemeanor. The bond they signed bound Gregg to answer, not only to a misdemeanor, but to a felony, even a capital felony. The plaintiff could not be expected to go beyond his contract, and guarantee the appearance of Gregg to do this. He might have been willing to do so, but he did not do so in the contract before us. In these particulars the judgment is not supported by the evidence, nor by the findings of the court, which fairly state the evidence.

Such a bond ought not to have been demanded; but if demanded, the defendants should have looked to their indemnifying contract, and refused to sign it; but having signed it, they should have looked to the plaintiff to secure them.    The clerk's certificate was properly issued, because it followed the judgment of the court; but the defendants had no right, under all the circumstances, to draw the money from the bank; and having drawn it, they are liable to the plaintiff therefor.

The judgment of the district court is reversed, and judgment is here. rendered on the findings of the court below for the plaintiff, for the full amount claimed in his complaint, and all the costs of this court and the court below.

*Judgment reversed.*

McCONNELL, C. J., and BACH, J., concur.