**Richmond.**

BEECHER v. LEWIS & BAGBY, TRUSTEES.

March 15th, 1888.

1. EQUITABLE JURISDICTION AND RELIEF—*Full relief.*—When court of equity
   has once acquired jurisdiction of a cause upon equitable grounds, it
   may go on to complete adjudication, even to establishing legal rights
   and granting legal remedies which would otherwise be beyond the
   scope of its authority. *Walters* v. *Bank*, 76 Va., 12.

2. IDEM—*Trust deed—Accounts—Decree for balance.*—Where injunction has
   been awarded to stay sale under trust deed until certain accounts have
   been settled, the court may proceed to full relief and render personal
   decree for balance due from debtor beyond the sum realized by the sale
   under said deed.

3. APPEAL—*Dismissal—Effect.*—An order dismissing an appeal for failure to
   print, effects the same purpose as an affirmance. *Cobbs* v. *Gilchrist*, 80
   Va., 503.

Appeal from decree of circuit court of King William county,
rendered October 8th, 1886, in the cause wherein the appellant,
O. Beecher, is complainant, and the appellees, Thomas P.
Bagby and H. I. Lewis, trustees, and others, are defendants.
O. Beecher made his note to certain creditors and a trust deed
to secure it. Trustee advertised the trust property for sale.
O. Beecher enjoined until a settlement was made of the
accounts of an agent who had been previously mutually
selected to sell the debtor's property and apply the pro-
ceeds to both secured and unsecured debts, and the balance
due on the debts secured by the trust deed, when that balance
had been ascertained. The report of the commissioner

settling the agent's accounts and ascertaining the balance due the creditors, was confirmed, and from the decree O. Beecher appealed. The appeal was dismissed for failure to print, and leave to reinstate was refused. Then the property was sold under the trust deed, and after an account had been taken of the transactions of the trustees, a decree was entered for the balance owing the creditors beyond the amount realized by the trustees; and from this decree O. Beecher obtained an appeal and writ of *supersedeas.*

*Geo. P. Haw, H. R. Pollard,* and *J. N. Stubbs,* for the appellant.

*Thos. P. Bagby,* for the appellees.

LACY, J., delivered the opinion of the court.

This suit was by bill in chancery to enjoin trustees from selling under the deed from which their powers were derived, until proper accounts could be taken, and the balance due ascertained—*First,* by settling the transactions of a mutual agent employed after the execution of the trust deed, to make sale of wood and lumber and other property, and collect accounts, etc., as the agent of both sides; *secondly,* to settle accounts between the creditors and complainants, who were the debtors, and for general relief. This was all accomplished by proceedings in the cause in due form. Accounts were ordered, taken, and reported, and excepted to, exceptions overruled, and decree for sale under the deed, and report to court, in October, 1885, when an appeal was applied for and obtained to this court. This appeal was dismissed at the March term, 1886, for failure to print the record. A subsequent motion to reinstate this appeal was overruled. The effect of this dismission, under our law, is to affirm the decree complained of, and all antecedent proceedings in the cause, finally. By the eigh-

teenth section of chapter 178 of the Virginia Code, p. 1140, it is provided that, "after the dismission of an appeal, writ of error, and *supersedeas,* no other writ of error or *supersedeas* shall be allowed to or from the same judgment, decree, or order." *Campbell* v. *Campbell,* 22 Gratt., 649; *McCormick's Ex'rs* v. *Wright's Ex'rs,* 79 Va., 524, and cases cited; and opinion of Richardson, J., in *Cobbs* v. *Gilchrist,* 80 Va., 503, construing the statute cited above. After the said appeal had been dismissed here, the former decree was executed; the property sold by the trustees, and the proceeds brought into court; and, the necessary accounts having been taken between the creditors and the complainants, (the debtors,) decree was rendered for the same as they appeared upon the settled accounts; and it is assigned as error that the circuit court rendered a personal decree against the appellants beyond the amount appearing to have been realized under the trust deed, and thus deprived them of their right to trial by jury.

The jurisdiction of the chancery court to settle the accounts growing out of the trust fund is undoubted. The fund having been developed and ascertained, its rightful owners could be ascertained only by taking an account of the debts. Its jurisdiction having been thus rightly invoked and exercised, there was no reason to turn the parties around to another forum and to fresh litigation to finally settle these same accounts between them; for, when à court of equity has once acquired jurisdiction of a cause upon equitable grounds, it may go on to complete adjudication, even to establishing legal rights, and granting legal remedies, which would otherwise be beyond the scope of its authority. Opinion of Staples, J., in *Walters* v. *Farmers Bank of Va.,* 76 Va., 12. As was said by the Lord Keeper, afterwards Lord Chancellor, Nottingham, speaking of this court in *Parker* v. *Dee,* 2 Ch., Cas. 200: "And when this court can determine the matter, it shall not be a handmaid to the other courts, nor beget a suit to be ended elsewhere." The equity forum was not only eminently suitable to settle these

matters of account, but it was essential to the plaintiffs; and, to avoid a multiplicity of suits, it was right to proceed to grant relief. In cases of account, there seems a distinct ground upon which the jurisdiction for discovery should incidentally carry the jurisdiction for relief. In the first place, the remedy at law in most cases of this sort is imperfect or inadequate. In the next place, where this objection does not occur, the discovery sought must often be obtained through the instrumentality of a master, or of some interlocutory order of the court; in which case it would seem strange that the court would grant some, and not proceed to full relief. 3 Bl. Comm., 437; Mitf. Eq. Pl. (by Jeromy), 119; opinion of Lord Erskine in *Corporation* v. *Wilson*, 13 Ves., 278. In the next place, in cases not falling under either of these predicaments, the compelling of the production of vouchers and documents would seem to belong peculiarly to a court of equity, and to be a species of relief. And, in the last place, when neither of these principles applies, there is great force in the ground of suppressing multiplicity of suits, constituting, as it does, a peculiar ground for the interference of a court of equity. 1 Story, Eq. Jur., 67. *Jesus College* v. *Bloom*, 3 Atk., 262; S. C. Amb., 54; *Ludlow* v. *Simond*, 2 Caines, Cas. 38 ; *Ryle* v. *Haggie*, 1 Jac. & W., 234.

The jurisdiction of the equity court was rightly exercised, in proceeding to grant complete relief in the cause, and finally settling the rights of the parties in the cause; and, there being no error in the decree, the same will be affirmed.

DECREE AFFIRMED.