STATE, APPELLANT, *v.* BIESMAN ET AL., RESPONDENTS.

[Submitted December 7, 1891.   Decided March 28, 1892.]

CRIMINAL PRACTICE—*Dismissal of appeal—Liability of sureties.*—The dismissal of an appeal taken from a judgment for fine and costs in a Justice's Court, the District Court having declared the recognizance forfeited, and that fact having been duly entered upon the records, constitutes an affirmance of the judgment, and the recognizance being conditioned that the defendant would appear in said District Court on the trial therein, and pay all judgments for fine and costs that might be rendered against him, the defendant's sureties are liable thereon for the judgment of the Justice's Court.   (DE WITT, J., dissenting.)

CRIMINAL RECOGNIZANCE — *Pleading—Demand on sureties.*—In an action on such recognizance the complaint need not aver that a demand for payment was made on the sureties.

*Appeal from Third Judicial District, Deer Lodge County.*

Action on criminal recognizance.   The defendants' demurrer was sustained and judgment rendered in their favor by DURFEE, J.

*Henri J. Haskell,* Attorney-General, and *W. S. Shaw,* County Attorney, for the State, Appellant.

*T. R. Boarman,* and *Word, Smith & Word,* for Respondents.

BLAKE, C. J.— The complaint alleges that a complaint was filed July 15, 1890, in the Justice's Court of Deer Lodge County, which charged Biesman with the crime of unlawfully obstructing the public highway.   He was convicted and sentenced to pay a fine and the costs, and remanded to the custody of the sheriff to stand committed until the same should be

satisfied.   Biesman then filed a notice of appeal, and, in order
to secure his release, entered into a recognizance undertaking,
which contained these recitals and conditions:—

"Whereas, on the eighteenth day of July, A. D. 1890, one
August Biesman was convicted of obstructing a public high-
way, before J. M. Hartwell, Esq., justice of the peace in and
for Deer Lodge County, State of Montana, and was fined the
sum of $5, together with costs, amounting to the sum of
$191.35; and whereas, the said August Biesman is dissatisfied
with said judgment and is desirous of appealing from the said
judgment to the District Court of the Third Judicial District
of the State of Montana, in and for Deer Lodge County.

"Now, therefore, the condition of the above obligation is such
that if the said August Biesman, the said defendant in said
action, will appear in the said District Court, on the trial
therein, and pay all judgments for fine and costs that may be
rendered against him in the District Court in such case, then
this obligation to be null and void; otherwise to remain in full
force and effect."

Afterwards this recognizance was approved and filed, and
Biesman was released from the custody of the officer, and the
appeal was perfected.   The case was set for trial in the court
below on the eighth day of September, 1890, and continued
until the tenth day of September, 1890.  The complaint says
that on the last-named day "the defendant appeared by his
attorney, J. R. Boarman, and on motion of the defendant, the
court permitted said appeal to be dismissed, and said appeal
was, by the judgment of said court, dismissed; that the court
duly declared said appeal bond of the defendants forfeited, and
the facts of the said forfeiture duly entered upon the records
of the court; that on the ———— day of ————, 1890, said
defendant, August Biesman, paid on said judgment of $191.35
the sum of $44.40, leaving a balance due and unpaid of
$146.95."

This action was brought to recover from Biesman and his
sureties the said sum of $146.95.   The court below sustained a
demurrer to the complaint, upon the ground that it did not
state facts sufficient to constitute a cause of action, and entered
a judgment for the defendants for their costs.

The respondents contend that the complaint fails to state facts sufficient to constitute a cause of action, in this, that there is no allegation that a demand for the payment of the amount in controversy was made upon the sureties. They cite *Morgan* v. *Menzies*, 60 Cal. 341; 65 Cal. 243; but these decisions have been qualified in *Coburn* v. *Brooks*, 78 Cal. 443, and it is held that an averment to this effect is not required.

The principal question which has been discussed by counsel is more difficult, and the authorities are inharmonious. It is conceded that the sureties upon this recognizance are entitled to stand upon the strict letter of their contract, and that their liability cannot be enlarged by implication. The observations of the Supreme Court of Illinois in *Shreffler* v. *Nadelhoffer*, 133 Ill. 552; 23 Am. St. Rep. 626, should be considered in this connection : "It is not meant by this rule, however, that the courts, in endeavoring to ascertain the precise terms of the contract actually made by a surety, may not resort to the same aids, and invoke the same canons of interpretation, which apply in case of other contracts."

The Criminal Practice Act provides that, in all cases of conviction, the court shall enter his judgment for the fine and costs against the defendant, and may commit him until the judgment is satisfied. (§ 508.) Such person may appeal to the District Court "by entering into recognizance with sufficient security, conditioned that he will appear in the District Court on the trial therein, and pay all judgments for fine and costs that may be rendered against him in such a case." (§ 510.) "If the judgment of the court shall be affirmed or modified, or if, upon trial in the District Court, the defendant shall be convicted, and any fine assessed, judgment shall be rendered for such fine and costs in both courts against the defendant and his securities." (§ 515.)

The respondents assert that no judgment for the payment of any fine and costs was ever rendered against Biesman in the District Court, and that the dismissal of the appeal released them from all liability. The appellant insists that the ruling of the court below, within the meaning of the conditions of the recognizance, was the rendition of a judgment which was binding upon Biesman and his securities. This is a case of first

impression in our court, and we have concluded to follow the doctrines which seem to be applicable to the facts, in the light of the reason of the law. Biesman appeared by his attorney in the proper District Court, and, after a continuance, voluntarily dismissed his appeal. What were the consequences of his conduct? What is the sound construction of the statute under which the undertaking was given?

The case of *Harrison* v. *Bank of Kentucky*, 3 Marsh. J. J. 375, was decided in the year 1830, and the bond was conditioned to pay "in case said judgment shall be affirmed in said court of appeals," and the appeal was dismissed. Judge Buckner, in the opinion, said : "The main, if not the only object in requiring an appeal bond is to secure to the plaintiff in the judgment the payment of such judgment with costs and damages, when awarded, unless it should be reversed by the appellate court, and, to attain that object, such must be considered to be its legal effect, in every case where it has been executed in the words of the act, or in other words substantially the same. In such cases we must remember that *qui hæret in litera, hæret in cortice;* we must regard substance and not form, or the law will have been in vain; and, under that view of it, the dismission must be considered as a virtual affirmance of the judgment. A different interpretation of the law would lead to fraud and injustice, subjecting creditors in many instances to the entire loss of their debts. Appeals would be taken without an expectation of successful prosecution by principals, and the bonds entered into by sureties without the fear of responsibility."

In the year 1840 the case of *McConnel* v. *Swailes*, 2 Scam. 571, was decided, and the court, by Mr. Justice Breese, said: "This court does not entertain a doubt but that the dismissal of an appeal or *certiorari* is equivalent to a regular, technical affirmance of the judgment, so as to entitle the party to claim a forfeiture of the bond, and have his action therefor. The bond given in such case is conditioned 'to pay the debt and costs, in case the judgment shall be affirmed on the trial of the appeal.' What is the object of this requirement, and what its meaning and intention? Manifestly, to secure the opposite party in his debt and costs, in case the judgment shall not be reversed, in case he shall be in the Circuit Court the successful party. By

a dismissal of the appeal, either by the court, or by the act of the appellant himself, the appellee is the successful party."

Chief Justice Field in *Karth* v. *Light*, 15 Cal. 324, approved *Harrison* v. *Bank*, *supra*, and said: "A judgment may, in the contemplation of the statute, be said to be affirmed when, by any action of the appellate court, it is no longer open for review, whether that be either by a dismissal of the appeal or by a direct decree of affirmance. . : . . By the statute the undertaking providing for the liability of the sureties, upon the condition of the affirmance of the judgment, operates as a stay; and if by a mere neglect to prosecute an appeal, and for that reason suffering it to be dismissed, after the respondent has been deprived of his rights under the judgment by the undertaking, the sureties could be released, upon the pretense that the judgment was not affirmed, it is evident that great injustice would be, in many instances, perpetrated, and a fraud practiced upon respondents." (*Chase* v. *Beraud*, 29 Cal. 138; *Simpson* v. *Prather*, 5 Or. 86; *Garrick* v. *Chamberlain*, 97 Ill. 620.) We think that the proceedings which are set forth in the complaint constitute, according to the statute, an affirmance of the judgment of the Justice's Court against Biesman.

Some of the authorities to the contrary are collated in *Freas* v. *Englebrecht*, 3 Colo. 385. While we respect highly the courts in which these views prevailed, it is unnecessary to examine and compare the conflicting opinions.

The complaint alleges that the appeal was "by the judgment of said court dismissed," and that "the court duly declared the said appeal bond of defendant forfeited, and the facts of said forfeiture duly entered upon the records of the court." It can be implied from these allegations that "the proper steps authorizing such forfeiture had been taken." (*Friedline* v. *State*, 93 Ind. 368.) After Biesman had been committed in pursuance of the sentence of the justice for the non-payment of the fine and costs assessed against him, he was released through the execution of this obligation by respondents. The responsibility of the sureties then attached. (*People* v. *Wolf*, 16 Cal. 385; *People* v. *Penniman*, 37 Cal. 273.) The statute draws the distinction between the affirmance of a judgment and the conviction of a defendant upon a trial in the District Court, and in

both cases judgment shall be rendered for a fine and "the costs in both courts against the defendant and his sureties." (Crim. Prac. Act, §§ 510, 515, *supra*.) This was the duty of the court below when the appeal was dismissed. The word "rendered," which is used in the recognizance and these sections, has been defined in many cases. (*Gray* v. *Palmer*, 28 Cal. 416; *Mc-Laughlin* v. *Doherty*, 54 Cal. 519; *Thomas* v. *Anderson*, 55 Cal. 43.) A judgment is "rendered" when the court makes an order therefor. The complaint may be ambiguous in this respect, and may not state with certainty all the proceedings of the court below, but, as against this demurrer, a cause of action has been alleged. The recognizance was forfeited, and the facts thereof were entered upon the records, and all presumptions are in favor of the regularity of these proceedings, and that the court below performed its duty.

It is the theory of the law that the defendant in criminal proceedings is under the control of the court, and in actual or constructive custody. Biesman was in the custody of his sureties. (*People* v. *Genet*, 59 N. Y. 81; 17 Am. Rep. 315; *Lee* v. *State*, 51 Miss. 666; *Koch* v. *Coots*, 43 Mich. 30; *Reese* v. *United States*, 9 Wall. 13.) In the last case Mr. Justice Field for the court said: "By the recognizance the principal is, in the theory of the law, committed to the custody of the sureties as to jailers of his own choosing, not that he is, in point of fact in this country at least, subjected, or can be subjected by them to constant imprisonment; but he is so far placed in their power that they may at any time arrest him upon the recognizance, and surrender him to the court, and, to the extent necessary to accomplish this, may restrain him of his liberty." The respondents have not paid any sum by reason of their recognizance, and have not surrendered Biesman in open court or to the sheriff.

We are authorized to weigh the circumstances under which the sureties assumed this responsibility. (*Shreffler* v. *Nadel-hoffer*, *supra*.) If the respondents can secure the release of their principal from the custody of the officer, and escape liability in this action, by the dismissal of the appeal, it is clear that the administration of justice will be obstructed. The court erred in entering a judgment for the respondents, under these conditions.

It is ordered that the judgment be reversed, and that the cause be remanded, with directions to the court below to over-rule the demurrer.

HARWOOD, J., concurs.

DE WITT, J. (*dissenting*).—The recognizance given on the appeal in this case, from the Justice's Court to the District Court, was, in form and substance, that required by the statute. (§ 510, Crim. Prac. Act). It undertook to pay all judgments for fine and costs that might be rendered against Biesman in the District Court. The breach alleged in the complaint in this case is that the appeal was dismissed in the District Court on the motion of the appellant, the defendant in the Justice's Court. The defendants in this case, Mahan and Walker, are sureties on the bond on appeal from the justice's judgment.

It is a principle of law that requires nothing more than the statement that sureties may stand strictly upon their undertak-ing. The reason for this is made apparent by the numerous decisions to that effect. I refer to Brandt on Suretyship, ch. 19, with many cases and instances cited. This court also has held that doctrine in *Barry* v. *Larabie*, 7 Mont. 179.

Was the dismissal of the appeal in the District Court in this case such a breach of the condition of the bond that it will hold the defendants under the terms of their undertaking? Was a judgment for fine and costs, in the language of the bond and the statute, rendered in the District Court against Biesman, or can the dismissal of the appeal be construed as such a judgment for fine and costs?

I observe the difference between the statute providing for civil and that regulating criminal appeals. Sections 423, 424, and 427 of the Code of Civil Procedure are in reference to appeals in civil cases. Section 423 provides for a bond for costs and damages on the appeal, or *on a dismissal thereof.* Sections 424 and 427 provide for a bond for a stay of the judgment below pending the appeal, and in each section the bond is to be to the effect that the appellant will satisfy the judgment if it be affirmed or *the appeal dismissed.* A party appealing from a civil judgment in a Justice's Court (§ 823, Code Civ. Proc.)

must give a bond conditioned, among other things, that he will prosecute the appeal to effect. A dismissal would not be a prosecution to effect. So it is observed that in all civil cases the bond must guarantee against the dismissal. But such provisions are absent from section 510 of the Criminal Practice Act, under which the recognizance in question was given. That statute does not require the sureties to undertake to pay any fine or costs upon a dismissal of the appeal. This omission seems to be, to some extent, significant.

But the attorneys for the State argue that a dismissal of the appeal is, in effect, an affirmance of the judgment appealed from. They cite section 439 of the Code of Civil Procedure. That provision is not found in the Criminal Practice Act. But, even without the aid of a statute, I am of opinion that, on general principles, the dismissal of an appeal, where no second or further appeal lies, is practically an affirmance of the judgment appealed from. In any event, I am willing to adopt that doctrine for the purposes of this case. It was so held in the following cases: *Osborn* v. *Hendrickson*, 6 Cal. 175; *Karth* v. *Light*, 15 Cal. 324; *Rowland* v. *Kreyenhagen*, 24 Cal. 52; *Chamberlain* v. *Reed*, 16 Cal. 207; *Ellis* v. *Hull*, 23 Cal. 160; *Chase* v. *Beraud*, 29 Cal. 139; *Sutherland* v. *Phelps*, 22 Ill. 92; *Haner* v. *Town of Polk*, 6 Wis. 349; *Hardee* v. *Stovall*, 1 Ga. 92; *Manier* v. *Lindsey*, 3 Bush, 94; *McConnel* v. *Swailes*, 2 Scam. 571; *Harrison* v. *Bank of Kentucky*, 3 Marsh. J. J. 376; *Simpson* v. *Prather*, 5 Or. 86; *Cobbs* v. *Gilchrist*, 80 Va. 503; *Beecher* v. *Lewis*, 84 Va. 630. In New York it has been held that the dismissal of an appeal was not an affirmance of the judgment. (*Watson* v. *Husson*, 1 Duer, 242, and *Drummond* v. *Husson*, 14 N. Y. 60.) But that ruling was upon the construction of particular statutes.

The sureties on the bond which we are considering are not held by the letter of their obligation, for they did not, in terms, agree to pay the judgment of the Justice's Court, in case the appeal was dismissed. They agreed to pay a judgment of the District Court which should be rendered. The only construction of the facts upon which they can be bound is that, if the dismissal of the appeal was an affirmance of the judgment of the Justice's Court, such affirmance was a judgment of the Dis-

trict Court for fine and costs contemplated by the statute and the recognizance. I note the following cases: The California cases last above cited and the following cases next below referred to. It was held in these cases that a dismissal of the appeal was an affirmance of the judgment below, and furthermore, that on such affirmance the sureties on the appeal bond were bound. Why was it so held? Because in *McConnel* v. *Swailes* the bond was to the effect that "in case the judgment be affirmed," the sureties would pay. *Garrick* v. *Chamberlain,* 97 Ill. 627, affirms *McConnel* v. *Swailes,* but does not decide anything further, and makes no nearer approach to the proposition at bar. The same is true in *Harrison* v. *Bank, Simpson* v. *Prather, Sutherland* v. *Phelps,* and *Karth* v. *Light,* as in *McConnel* v. *Swailes. Karth* v. *Light* is the only one of the California decisions which I have cited in which I find the terms of the bond set forth. The other California cases hold that the sureties are bound by an affirmance of the judgment, by virtue of a dismissal of the appeal, but do not, in the decision, recite the terms of the bond. *Karth* v. *Light* was decided on the ground that the bond undertook to pay on an affirmance of judgment below, that a dismissal was an affirmance; therefore, that by virtue of the affirmance, the breach had ensued, and the sureties were held. The later California cases, without informing the reader what the terms of the bond were, affirm this doctrine, and it is fair to assume that they were decided on the same ground as *Karth* v. *Light,* and that the bonds in those cases provided as did that in *Karth* v. *Light.* In *Wooldridge* v. *Rawlings,* Tex. Oct. 28, 1890, 14 S. W. Rep. 667, the bond on appeal from the judgment of a justice of the peace was conditioned for the prosecution of the appeal to effect. The appeal was dismissed. In an action on the bond it was held that the sureties were liable, and for the reason that the dismissal was a failure to prosecute to effect. But in the case at bar there was no condition to prosecute to effect, and therefore no condition broken by the dismissal. I can admit the doctrine of those cases, and still find no application of their reasoning to the case at bar; for the bond before us does not provide that the sureties will pay the amount if the judgment be affirmed. In that respect the cases cited are distinguished from the one before us.

Admit that the dismissal in the District Court of the appeal from the justice was, in this case, an affirmance of the judgment of the justice. Then what do the sureties agree to pay or that shall be paid? They do not promise to pay the judgment of the Justice's Court which had been rendered; nor do they promise to pay that judgment if it is affirmed, as was the case in the decisions above cited. They undertake to pay a judgment of the District Court which is to be rendered. The trial in the District Court is not a review. It is a trial *de novo,* on which judgment is to be rendered. Such trial never took place. No judgment was ever entered upon such trial which was the contemplated judgment which the defendants herein undertook to see paid. The result in the District Court was simply an affirmance of the judgment below; simply that the judgment below should be freed from the effects worked upon it by the taking of the appeal. The dismissal in the District Court only declared that the justice's judgment should stand as it was before the appeal was taken. The affirmance, by virtue of the dismissal, created no new judgment. It simply affirmed, and finally established what was. "What was" was a judgment of the Justice's Court. This the sureties did not undertake to answer for.

The affirmance remitted the parties to their position under the old judgment. In *Haner* v. *Town of Polk,* cited above, the opinion says: "We suppose the legal effect and operation of dismissing the appeal was to restore the judgment rendered by the justice. And we think it was irregular and improper for the Circuit Court, after having lost jurisdiction of the cause by dismissing it, to go on and vacate and set aside the justice's judgment." In *Manier* v. *Lindsey, supra,* the court says: "But, in any event, on dismissing the appeal, the law remitted the appellee to his original judgment, and did not allow another judgment by the Circuit Court for the amount of that judgment." In *People* v. *Dick,* 39 Cal. 104, I find: "On the simple affirmance of an order or judgment appealed from, no order of the appellate court, directing the court from which the appeal is taken to proceed to enforce the judgment, is necessary to re-invest that court with jurisdiction. Its jurisdiction is simply suspended by the appeal, and, on the return of the

*remittitur* from the appellate court, the appellate court loses its jurisdiction of the case, and the court from which the appeal was taken resumes its jurisdiction as fully and absolutely as though no appeal or suspension of its jurisdiction had ever occurred."

The court says in *Ex parte Knox,* 17 S. C. 218: "When the judgment of the Circuit Court is simply affirmed, it may be seen that the judgment in the cause in which it is rendered is only a judgment of the Circuit Court unrevoked."

The authorities that I have reviewed are appeals from a court of record to the Supreme Court, wherein the Supreme Court was a reviewing court. How much more forcible is the reasoning when the appeal is to the District Court, which does not review the judgment below, but tries the case *de novo.* Such trial *de novo,* a judgment upon which the sureties on the bond undertook to indemnify against, was never had.

The opinion of the majority of the court in this case remarks: "The statute draws the distinction between the affirmance of a judgment and the conviction of a defendant upon a trial in the District Court, and in both cases judgment shall be rendered for a fine and 'the costs in both courts against the defendant and his sureties.' (§§ 510, 515, *supra.*) This was the duty of the court below when the appeal was dismissed." But the District Court did not purport to render a judgment for a fine and costs, unless constructively; that is, that the affirmance was such judgment. But of this sufficient above. The District Court simply declared the bond forfeited. That is all. If it had entered judgment "against defendant Biesman and his sureties," why the present action? Why not have issued execution on such judgment, if there was one, against the defendant in this action?

The contention in the case at bar, it seems to me, reduces itself to one very simple point. I have reviewed cases which have held that if a bond provides that the sureties will pay on an affirmance of the judgment below, and if the appeal be dismissed, it is an affirmance, and therefore, for that reason, the sureties are bound. Again, if the bond is conditioned that the sureties will pay if the appeal is not prosecuted to effect, and the appeal is dismissed, it is not prosecuted to effect, and there-

fore, and for that reason, the sureties are liable. To demonstrate the inapplicability of those decisions to the case at bar requires no elaborate reasoning. It is wholly apparent. Those cases are good law *on their facts.* But they are of no interest upon a wholly different state of facts. The bond before us contained no such conditions as those in the cases above noticed. To sustain a forfeiture of this bond, it must be held that an affirmance in an appellate court is a judgment of the appellate court for fine and costs; whereas the whole tenor of precedent and reason, as far as I can find it—and I find no authority to the contrary, nor has any been suggested to me—is that a judgment of affirmance is an establishing, a confirming, a rendering unrevoked, or, using the word under discussion, which is a plain and unequivocal one, an "affirming" of the judgment below. If the sureties in the case at bar had undertaken, as did those in the cases reviewed, that they would pay if the judgment was affirmed, or the appeal was not prosecuted to effect, those cases would be wholly in point, and I would confidently follow them. What these sureties looked to was a judgment for fine and costs in the District Court, and, when such a judgment is rendered, it will be ample time to pursue the sureties on the undertaking into which they entered.

It is suggested that undesirable results would flow from the view that I hold. But when one considers all the provisions of the statutes in reference to undertakings, it would seem that the condition which the legislature left in section 510 of the Criminal Practice Act was by design and not by accident; but even if it were by accident, it is not the province of the court to remedy that which seems to be a mistake in a co-ordinate branch of the government. I am of opinion that the demurrer in the District Court was properly sustained, and that the judgment should be affirmed.